COMFORT BARNES, Plaintiff in Error, *vs.* JOHN M. KERLINGER, Defendant in Error.

ERROR TO THE DISTRICT COURT OF SCOTT COUNTY.

When a sale of real property on execution is regularly made, the omission of the sheriff to give the purchaser a certificate of sale, and to file a duplicate thereof with the Register of Deeds, does not vitiate the sale. The remedy of the purchaser in such a case is not to set aside the sale, but to perfect the evidence of it by supplying the proofs which the sheriff's certificate would have furnished.

The following is a copy of the Complaint in this action :

The complaint of the Plaintiff in the above entitled action respectfully shows to the Court that on the 25th day of August, A. D. 1859, in an action brought in the District Court for the Fifth Judicial District, in the County of Scott, wherein Thomas J. Galbraith and Spier Spencer were Plaintiffs, and Comfort Barnes Defendant, judgment was duly rendered and entered in favor of said Plaintiffs and against said Defendant for the sum of six hundred and thirty-three dollars and sixty cents debt, and twelve dollars and thirty-five cents cost of suit, and that upon the same day said judgment was duly entered upon the judgment docket in the office of the Clerk of the District Court in and for said County.

And Plaintiff avers that said District Court in which said judgment was rendered, was and is a court of general jurisdiction and had jurisdiction of the parties to, and of the subject matter of, the said action.

And further complaining, Plaintiff shows to the Court, that on the 8th day of November, A. D. 1859, said Thomas J. Galbraith and Spier Spencer, in consideration of the sum of $580, paid them by Plaintiff, duly assigned and transferred said judgment to Plaintiff, and said assignment was duly noted on the records in the office of the Clerk of the District Court aforesaid, in the County aforesaid.

And further complaining, Plaintiff shows, that on the 25th

day of November, 1859, an execution was issued on said judgment and delivered to George H. Phillips, the then Sheriff of said County of Scott, and that thereafter and within sixty days from said 25th of November, said Sheriff, under and by virtue of said execution, levied upon certain real estate belonging to said Defendant in Scott County, including the south-east quarter of the south-west quarter of section eleven, and the north-east quarter of the north-west quarter of section fourteen, in township one hundred and fifteen, range twenty-three, and advertised the same to be sold to satisfy said execution. That said advertisement was duly published in the Belle Plaine *Enquirer*, a weekly paper published in Scott County, for six weeks successively prior to the day of sale, and notices posted as required by law, as Plaintiff is informed and believes, and that at the time and place of sale designated in said notice, said Sheriff offered the premises aforesaid at public vendue, and that the Plaintiff purchased the same at that time for the sum of five hundred and eighty dollars, he being the highest bidder, and that being the highest sum bid therefor, and Plaintiff verily believes that said sale was conducted fairly, honestly, and according to law.

And further complaining, Plaintiff shows the Court that said Sheriff wilfully neglected to make and file the certificate of such sale, as required by law, or to give to the Plaintiff a certificate thereof, and that he has never given to Plaintiff or filed in the office of Register of Deeds of said County, such certificate, or any other evidence of said levy and sale; but that said Sheriff did return into the office of the Clerk of the District Court aforesaid, in the County aforesaid, the said execution, with the following endorsement thereon:

"STATE OF MINNESOTA, } ss
    COUNTY OF SCOTT,

"I hereby certify and return the within execution satisfied in full.                        GEO. H. PHILLIPS, late Sheriff.

"Dated Shakopee, January 23d, 1860."

And further complaining, Plaintiff shows that said George H. Phillips, late Sheriff, is a non-resident of this State, and beyond the jurisdiction of this Court, so that he cannot be

compelled to make and file the certificate and return of said sale, and perfect the record thereof.

And Plaintiff avers that no other legal proceedings have been instituted in the premises, that he is the lawful owner of the judgment, or of the land sold to satisfy said judgment as aforesaid, and that said judgment has not been paid in whole or in part, save as hereinbefore stated and set forth.

And Plaintiff further shows that said Defendant is now seized and possessed of the legal title to the land hereinbefore described, as appears by the record in the office of the Register of Deeds in said county, and avers that he fears that when said Defendant learns that proceedings are taken to set aside the return in the execution aforesaid, and subject the property to said judgment and execution thereon, that he will sell and dispose of said property before the said return shall be set aside, to avoid the said judgment and thus defraud the Plaintiff.

Wherefore Plaintiff demands judgment and prays that an injunction may issue to effectually restrain said. Defendant from selling, conveying, or in any manner disposing of or incumbering the lands hereinbefore described during the pendency of this suit, and that the return of George H. Phillips, late Sheriff as aforesaid, upon the execution hereinbefore referred to, be, by the proper and effectual order or decree of this Court, vacated and set aside, as well as the entry of satisfaction of said judgment and execution upon the records of the Court, and that a new execution issue upon said judgment.

Points and Authorities of Plaintiff in Error.

I.—There is no cause of action stated in the complaint against the now Plaintiff in error. He has committed no fault, nor does it appear that he claims any right adverse to the Defendant in error. Therefore, after his property has been once seized and sold and the judgment satisfied, the judgment cannot be again opened and the lien again extended over all of his property, unless the debtor has committed some fault or wrong, which will justify the Court in thus

dealing with him. 1 *Minn. R.*, 185, *Tilman & Christy vs. Jackson.*

II.—It appears by the complaint that the Defendant in error has, by his own negligence, lost his remedy at law. It is well settled that equity will not assist him unless, perhaps, as against the person who has injured him, who (if any one) in this case is the Sheriff, and not the Plaintiff in error.

III.—A civil action, as defined by our statute, is instituted "for the enforcement or protection of private rights, and the redress of private wrongs, except as otherwise expressly provided by statute." *Comp. Stat. p.* 532, *Sec.* 1.

IV.—In this case it does not appear from the complaint that the Plaintiff in error has withheld any private right from the Defendant in error ; nor does it appear that the Plaintiff in error has committed, or threatened to commit any wrong against the Defendant in error, or to his rights. And if such is the case, the Defendant in error has no rights to enforce, nor any wrongs to redress. The burden of the Defendant's griefs is against the Sheriff, for not delivering to him a certificate of sale. But the Sheriff has left the State and enlisted in the rebel army, and the Defendant in error is bound to sue somebody, and, consequently, has pounced upon the now Plaintiff in error. It is doubtful if the Defendant in error has any remedy, but I think it sure that he is entitled to none in this action.

Points and Authorities for Defendant in Error.

I.—The Defendant in Error claims to hold an unpaid and unsatisfied judgment against the Plaintiff in Error, which appears (improperly) by the records of the court satisfied in full, and seeks to reform the record, and for satisfaction of his judgment.

The Plaintiff in Error relies upon a levy under said judgment, and an unperfected sale of his property, and claims that he is released from his indebtedness (technically) by said levy and sale.

A mere levy upon the property of a judgment debtor is not a satisfaction of the judgment debt, nor is a levy and

subsequent sale of the property levied upon until the debtor is actually divested of his property. *Simonds vs. Catlin,* 2 *Caine's Rep.,* 61; *Catlin vs. Jackson, ex dem. Gratz,* 8 *John.,* 520; *Green vs. Burke,* 23 *Wend.,* 490; *Ostrander vs. Walter,* 2 *Hill,* 231; *Taylor vs. Ranney,* 4 *Hill,* 621; *Voorhies vs. Gross,* 3 *How. S. T. R.,* 262; *Ladd vs. Blunt,* 4 *Mass.,* 403; *Shepherd vs. Rowe,* 14 *Wend.,* 260, 262; *Waddell vs. Elmendorf,* 5 *Denio,* 447; *People vs. Hepsin,* 1 *Denio,* 574; *Comp. Stats. of Minn., chap.* 61, *sec.* 119, *p.* 574.

II.—The sheriff had no power to discharge the execution even by returning it satisfied, unless he had proceeded and executed it in due form of law. 1 *Cow. Rep.,* 46.

It is not claimed that he did so execute it. His return therefore is void.

The case of *Tilman & Christy vs. Jackson,* 1 *Minn. Rep.,* 185, cited by Plaintiff in Error, does not conflict with the authorities cited. The case is not in point.

III.—It was the duty of the sheriff to complete the sale of the property levied upon, and file the certificates required by law. *Comp. Stats. Minn., chap.* 61, *sec.* 112, *p.* 572 73.

His neglect so to do cannot be charged as the negligence of Defendant in Error.

IV.—The Plaintiff in Error withholds a private right from Defendant in Error, in this, that he neglects and refuses to pay him his debt. The debt has never been paid, nor has the Plaintiff in Error ever been divested of one particle of his property on account of the debt.

The right which Defendant in Error seeks to enforce, is the right to collect the amount of his due and unpaid debt, from the property of the judgment debtor—the present Plaintiff in Error.

The sheriff may be holden for damages which have accrued or may accrue in consequence of his negligence; but the judgment is against the Plaintiff in Error, and "is satisfied only when the execution has been so used as to change the title, or in some way deprive the judgment debtor of his property." *People vs. Hepson,* 1 *Denio,* 574, (*before cited.*)

L. M. BROWN, Counsel for Plaintiff in Error.

GEO. BRADLEY, Counsel for Defendant in Error.

Barnes v. Kerlinger.

*By the Court*—EMMETT, C. J.—The facts stated in the complaint in this action do not in our opinion entitle the Plaintiff to the relief asked for; nor do they justify or authorize the judgment which was rendered on the overruling of the Defendant's demurrer. Such a state of facts might have been sufficient to induce the Court to aid the Plaintiff in obtaining the benefit of his purchase, by an order permitting him to supply the proper evidence thereof, or by compelling the officer to give and file the certificates provided for by statute; and also to modify the Sheriff's return, and the entry of satisfaction of the judgment, so as to conform to the amount or sum actually realized by the sale; but the court was not justified in disregarding the sale altogether, and annulling the return of the officer, and entry of satisfaction *in toto*. The sheriff in making sale of the property, acted as the agent of both parties; and neither should be deprived of any benefit to be derived from the authorized acts of this officer, because of any omission to furnish the proper certificate thereof, unless he is in some way chargeable with the omission.

The sale having once been legally made, the purchaser is entitled to the property at the price agreed upon, how much soever it may since have increased in value; while, on the other hand, the judgment debtor or owner has an equal right to the benefit of the sum for which it was sold, however great the subsequent depreciation; and should the sheriff afterwards, for any cause, be unable or unwilling to furnish evidence of the official act of selling, we see no reason why the Court, upon a proper showing, should not interfere to enable the party aggrieved to supply the defect by proofs other than that directed by the statute, or to compel the officer to do his duty. But the Court should not undertake to undo what he had regularly done. If a levy on property is regular and valid, it is not affected by the subsequent sale, though the sale may be void or voidable. And so too if the proceedings are all valid and regular up to and including the sale, there is no reason why the sale should be vitiated, though by reason of the subsequent conduct or neglect of the officer, the evidence of it may not be completed in the manner directed by the statute.

Suppose the Plaintiff in the present case, instead of alleging the absence of the sheriff and his neglect to give a certificate of sale to the purchaser, or to file a duplicate with the register of deeds, had averred that he had died, immediately after the sale, and before giving or filing such certificate or duplicate, thus showing that it is utterly impossible to comply strictly with the Statute in this respect : is it for one moment to be supposed that neither party could have insisted on supplying evidence of the sale in any other manner, and that the sale, which is admitted to have been regular in every respect, is rendered absolutely void, because the sheriff failed to give or file a certificate of the fact ? We do not recognize any such doctrine.

But, it is urged, by the Defendant below, that the Plaintiff is entitled to no relief whatever, because he does not allege a demand of the certificate of sale and duplicate thereof, nor that he ever tendered the necessary fees therefor. The statute authorizes the sheriff to collect the fees for the certificate and duplicate on the execution ; and it would therefore appear that, when the property is sold to a third person, the sheriff would be bound to make out the certificate of purchase, and file a duplicate thereof with the register of deeds, because he has already collected and has in his hands the necessary funds for this purpose; but whether he is obliged afterwards to seek out the purchaser, and deliver to him the certificate without demand, may admit of serious doubt. Yet when the Plaintiff himself becomes the purchaser the sheriff has nothing in his hands to pay fees, but must of necessity look to the purchaser, and he should not be expected to give or file certificates of sale, until his fees therefor are forthcoming. We do not propose however to determine the present case upon this point, inasmuch as the Plaintiff below is entitled to the benefit of his purchase, even although he may have neglected demanding the proper certificates thereof from the sheriff. Still the relief to which he is entitled is not such as he has demanded in his complaint. He has the right to furnish other evidence of his purchase, if the sheriff's certificate cannot be obtained ; and also to have the sheriff's return, and the entry of satisfaction of the judgment so modified as to conform to

Moody v. Rathburn.

the amount for which the property was sold. But as he does not ask for this specific relief, and there is no prayer for general relief, under which we might afford him such as he is entitled to, we must reverse the judgment and remand the case with instructions to enter judgment for the Defendant upon the demurrer, unless the Plaintiff be permitted to amend his prayer for relief.