### Elisha W. Parks et al. v. Granger Allen.

*Tender of payment on mortgage.*

A mortgager, by way of tender, made repeated offers of money to the mortgagee while they were riding together on the public highway. He involved it with other matters of dealing between them, and the settlement was interrupted by a quarrel, but. before any costs were incurred the mortgagee offered to receive the amount due. *Held* that no tender had been made that would discharge the mortgage lien.

Where a bill to enforce the discharge of a mortgage had been filed before the time for redemption had expired, but after foreclosure was begun, and it was held that the complainant mortgager was not entitled to discharge, he was allowed to redeem on paying the amount of the debt with interest at the stipulated rate, and the costs of foreclosure, with interest, but without the attorney fee provided for in the mortgage.

Appeal from Tuscola. Submitted Jan. 8. Decided Jan. 20.

Bill to compel the release of a mortgage and to obtain the statutory penalty for refusing to discharge it on tender of the amount due thereon. Complainant Parks testified that he saw the mortgagee Allen driving past the place where he was at work, and that he called to him to stop and went out to where he was and asked him if he had the mortgage with him. Allen said he had, and also said that he had some other mortgages and was going to Caro to get some money on them; Parks said he would pay him some money, and Allen asked him how much; Parks said $40, and Allen said he would not take any of it unless he could have the whole; Parks then said, "Very well, I will pay you the whole of it," and Allen replied that he had all the money he wanted to use that day and had not time to figure up the interest. Parks then went to his house and got his coat and some money, while Allen waited for him in his wagon, and when Parks returned he got in and they drove on together. Parks told Allen that he had

the money there to pay him that mortgage, and held it out towards him; Allen answered as before that he had all the money he wanted to use, and would not take it; Parks repeated his offer and Allen his reply ten or a dozen times on the road, and when they reached the place of a mutual acquaintance named Covey, Parks alighted and in Covey's presence repeated his tender. The money was in greenbacks with one or two National bank bills.

Defendant's testimony set forth that the offer of money was involved with other matters of mutual indebtedness. He claimed that when the money was first offered he said "Give me your money," and Parks said "Give me the mortgage;" Allen replied that he, Parks, could not discharge the mortgage, and after some other talk asked him how much money he had; Parks said 'more than enough to pay him.' Allen replied "Count out your money; I don't know as this mortgage has anything to do with our other deal;" and he then laid down his lines and took out some papers and looked them over to find the mortgage. Both parties appear to have lost their tempers, and Parks accused Allen of talking about him and his wife, on which both began quarreling and swearing, and Allen put up his papers and drove on. He afterwards left the mortgage with an attorney for foreclosure, but sent word to Parks to pay before a certain time if he wanted to save costs, but Parks did not pay and he proceeded to foreclose, on which Parks filed his bill to compel a discharge. This bill was dismissed below and complainant appeals.

*W. C. Buchanan* and *H. P. Atwood* for complainants. A tender is good if enough money is offered, and must be received, *Wheeler v. Knaggs,* 8 Ohio, 169; 2 Jones on Mortgages, § 893 et seq.; an unconditional tender discharges the lien of a mortgage even though not kept good, *Potts v. Plaisted,* 30 Mich., 149; and if refused the mortgagee is entitled to the statutory penalty, *Barnard v. Harrison,* 30 Mich., 8; *Collar v. Harrison,* id., 66.

*B. W. Huston* for defendant. A tender made without notice at an unfit place may be declined until the creditor can examine the account, *Waldron v. Murphy*, 40 Mich., 668.

MARSTON, C. J. We are of opinion that there was no such tender made as would discharge the mortgage lien, much less entitle the complainants to the statutory penalty. The place where the tender was made and the circumstances attending the same, show that there was no willful refusal by the defendant to receive the amount due, while he did decline going into other matters of dealing between himself and the complainant, and he afterwards and before any costs were incurred offered to receive the amount due on the mortgage note.

In view of all the facts we think complainants should be permitted to redeem, the bill in this case having been filed before the time for redemption expired, upon paying the amount of the note with interest thereon at the rate therein prescribed, together with the costs of foreclosure, with interest thereon, but not the attorney's fee provided for in the mortgage.

The defendant herein should recover full costs in both courts.

The other Justices concurred.