ALFRED L. MILLARD AND SETH BEAN v. JEROME TRUAX.

*Attorney's fee in mortgage— Validity of foreclosure.*

The statutory foreclosure of a mortgage is not necessarily invalid because of the mortgagee having claimed in his notice of sale a sum for an attorney's fee to which he was not legally entitled; and made the purchase for a sum which included such fee.

In the absence of any averment or proof on the subject it is not a presumption of law that the mortgagee making such a purchase did not pay over to the officer any surplus to which the mortgagee would be lawfully entitled. Therefore it cannot be presumed that he retained any illegal allowance which had been claimed by him.

Appeal from Ingham. Submitted October 20. Decided October 27.

BILL to set aside foreclosure. Complainants appeal. Dismissal affirmed without prejudice.

*Millard & Bean*, in person, for complainants.

*C. A. Stacy* for defendant.

COOLEY, J. The bill in this case is filed to set aside a statutory foreclosure and permit the complainants to redeem. Complainants are grantees of one Cummings who on July 12, 1876, mortgaged the land in controversy to Peter Lowe to secure the payment of the sum of two hundred dollars with ten per centum interest in one year from that date. The bill alleges that Lowe assigned to defendant and defendant made an assignment without consideration to one Smith, and procured Smith in defendant's interest to institute proceedings in foreclosure in July, 1877, after one year's interest had been paid; that Clark was at the time a non-resident of the State; that the notice of sale given by Smith claimed as due the amount of the mortgage, and also fifty dollars attorney's fee specified therein; that a sale of the mortgaged premises was made November 8, 1878, for the sum of $302.46, which included the said attorney fee of fifty dol-

lars; that Smith became purchaser at the sale but assigned his bid to defendant; that the officer who made the sale executed a deed to carry it into effect, and defendant took possession under it and receives the rents and profits; and the bill prays that the sale be set aside and complainants suffered to redeem. The statutory time for redemption had expired when the bill was filed.

It will be seen from this statement of the bill that the only ground of invalidity which is suggested is, that there was included in the sum for which the lands were sold the attorney's fee of fifty dollars. This we have decided was unwarranted. *Bullock v. Taylor* 39 Mich. 137; *Myer v. Hart* 40 Mich. 517; *Parks v. Allen* 42 Mich. 482. But though this fee was claimed, it does not follow that the sale was invalid for that reason. The mortgaged premises were in one parcel and sold as such; and if the purchaser had paid over to the officer all he was not entitled to retain, the fact that he claimed more in his notice could not have been fatal. Upon this record we cannot say this was not done. The bill is not entirely silent on the subject, and there can be no presumption of law that because the owner of the mortgage claimed too much, he was permitted to retain it. It is not inconsistent with what appears in this bill that the officer received on the sale a surplus which the complainants might now at their option demand and recover. In this particular as well as some others, the case differs from *Louder v. Burch* ante, p. 109, decided at the present term.

There is no error in the decree and it must be affirmed; but the dismissal of the bill should be without prejudice.

The other Justices concurred.