SAMUEL A. KENNEDY ET AL. v. JAMES H. BROWN.

*Declaration—Additional count on appeal—Attorney's fee in mortgage—Surplus on foreclosure.*

Where, on appeal from justice's court, the plaintiff is allowed to amend his declaration by adding thereto a count which tenders no new issue, and which is not then objected to, no error is committed to defendant's prejudice.

A mortgagee bid off the premises on foreclosure at a figure exceeding the amount of the debt, costs, taxes and insurance, by about $40. The mortgage provided for an attorney's fee of $50. *Held,* that the mortgagee was bound to pay over the surplus of $40 to the sheriff, for the benefit of the owner of the equity of redemption, and that if he did not do so, the latter could sue him as for money had and received to his use.

A mortgagee who, on foreclosure, bids off the premises at a sum exceeding the debt and legal charges, is estopped, at least in the absence of evidence, from claiming that he did not have to bid the surplus sum to obtain the land, and he cannot repudiate that part of his bid as fictitious. Nor can he deny that he is liable for the surplus to the owner of the equity of redemption, on the ground that he has not paid it over to the sheriff for the latter's benefit.

Error to Kent. (Montgomery, **J.**) April 11.—April 18.

ASSUMPSIT. Defendant brings error. Affirmed.

*J. W. & O. C. Ransom* for appellant.

*Kennedy & Thompson* for appellees. An amendment to a declaration is properly allowed when, from the nature of the case, the defendant could not be misled or surprised by it: *Det. Hills. & Ind. R. R. v. Forbes* 30 Mich. 165; *Ruggles v. First Nat. Bank of Centreville* 43 Mich. 192; *Engel v. Ardt* 14 N. W. Rep. 625: ——Wis. ——; and if not

demurred to, its lack of technical accuracy is unimportant: *Burke v. Wilber* 42 Mich. 327 ; an attorney fee cannot be allowed on foreclosure : *Bullock v. Taylor* 39 Mich. 137 ; *Myer v. Hart* 40 Mich. 517 ; *Parks v. Allen* 42 Mich. 482 ; *Vosburgh v. Lay* 45 Mich. 455 ; *Louder v. Burch* 47 Mich. 109 ; *Millard v. Truax* id. 251.

GRAVES, C. J. The plaintiffs recovered judgment before a justice upon oral pleadings. The justice entered the substance of the declaration in these terms : " Plaintiffs declared orally on the common counts in assumpsit, and specially for a surplus in the hands of defendant arising from the foreclosure of a mortgage executed by Calista Nevius to the said defendant, dated April 18, 1879, which surplus has been duly assigned to the plaintiffs in this cause, and which said defendant refuses to pay, to plaintiffs' damage $300."

An appeal was taken, and on the 15th of March, 1882, the case was heard without a jury and held for decision. But during the time it was so held, the circuit judge allowed the plaintiffs to amend by adding a new count*; and for this, error is alleged.

---

*The count added to the declaration was as follows :

For that whereas, also, before and at the time of the making of the promise and undertaking of the defendant hereinafter next mentioned, one Calista Nevius was owner in fee and possessed of certain lands and premises situated in said county of Kent, and described as follows, to-wit :

All of lots number thirty-four, forty-seven and fifty old survey, village of Grandville, Kent county, Michigan, and did on, to-wit, the 18th day of April A. D. 1879, make, execute, and deliver to said defendant a certain indenture of mortgage upon said premises to secure to said defendant the payment of the sum of $800 on or before five years after date thereof, with interest thereon at the rate of eight per cent. per annum, payable annually, and also providing that in case of the non-payment of said sum of money or any part thereof, or the interest thereon, at the time and in the manner specified in said mortgage, then and in such case it should be lawful for said mortgagee to grant, bargain, and sell said premises at public auction or vendue, and on such sale to make and execute to the purchaser a good, ample, and sufficient deed of conveyance in law, pursuant to the statute in such case made and provided, and out of the proceeds of such sale to retain the principal and interest of all sums then due, the costs and charges of such sale, and an attorney fee of fifty dollars, rendering the surplus moneys (if any there should be) to the said party of the first part in said mortgage, her heirs, executors, or administrators.

And thereupon, heretofore, to-wit, on the day and year last aforesaid, at the city of Grand Rapids, in said county of Kent, in consideration of

50 MICH.—22

This ruling worked no prejudice. No new issue was tendered. The original declaration, as indicated by the substance entered by the justice, must have covered all the material ground stated in the amendment, and it was not objected to. The count added was unnecessary, and whether demurrable or not makes no difference.

The remaining objection is that the judgment is not supported by the findings.

The recovery was for $41.82 and interest from the date of the mortgage sale. The facts reported show that Calista Nevius mortgaged certain premises to the defendant for $800, with interest, and that the mortgage contained the

the premises, he, the said defendant, undertook, and then and there faithfully promised the said Calista Nevius, that in case of foreclosure of said mortgage and a sale of the premises by virtue of the power of sale therein contained, he, the said defendant, would render the surplus moneys, if any there should be, after retaining the principal and interest of the sums then due on said mortgage, with the costs and charges of such sale, to the said Calista Nevius, her heirs, executors, or administrators.

And the said plaintiffs aver that afterwards, to-wit, on the 19th day of August, A. D. 1880, default having been made in the conditions of said mortgage, he, the said defendant, caused the premises mentioned in said mortgage to be sold at public auction by virtue of the power of sale in said mortgage contained, and pursuant to the statute in such case made and provided, which sale was so made by Freeling W. Peck, sheriff of said county of Kent, by Alonzo C. Whitcomb, under-sheriff.

And plaintiff further avers that on said sale said defendant bid for said premises the sum of $974.97, and the same was thereupon struck off to said defendant for said sum of $974.97. And the said sheriff did thereupon make, execute, acknowledge, and deliver to said defendant a deed of said premises for the said sum of $974.97, pursuant to the statute in such case made and provided.

And the plaintiff in fact saith that the amount so bid as aforesaid, and for which said premises were so purchased by said defendant as aforesaid, exceeded the whole amount then due to said defendant on said mortgage, including costs and charges of said sale, by the amount of, to-wit, one hundred dollars, and said defendant thereupon became and was indebted to Calista Nevius in the sum of, to-wit, one hundred dollars.

And the plaintiff further saith that afterwards, to-wit, on or about the 5th day of September, A. D. 1881, the said Calista Nevius, for a valuable consideration to her in hand paid, did sell, assign, and set over to said plaintiffs all her right, title, and interest in and to the aforesaid sum of money so owing to her by said defendant as aforesaid, of which said defendant, to-wit, on the day and year last aforesaid, had notice.

And thereupon the said defendant afterwards, and on the day and year last aforesaid, in consideration of the premises respectively, then and there promised the plaintiffs to pay them the said sum of money, to-wit, one hundred dollars on request.

Yet the said defendant has disregarded his said promises, and has not, although often requested so to do, paid said sum of money, or any part thereof, to plaintiffs' damage one hundred dollars.

usual clauses in regard to insurance and neglect to pay interest, and provided also that as often as the defendant should. take proceedings to foreclose, the mortgagor should pay him $50 as a reasonable solicitor or attorney fee, in addition to all other legal costs; that defendant foreclosed under the power of sale and bid off the property. His bid was $974.97, being $41.82 above the debt, costs, taxes and insurance, and this sum of $974.97 he claimed as the amount actually his due by the terms of the mortgage. The same sum was carried into the deed as the true consideration, and as the amount which would have to be paid to effect redemption.

No money was passed on the sale except that defendant satisfied the sheriff's fees. At the expiration of the time for redemption the defendant received the deed and took possession. No attempt to redeem had been made. The mortgagor assigned her claim to the $41.82 to the plaintiffs, and they demanded payment, which was refused.

It seems to the Court that the facts are sufficient. The defendant bid $41.82 more than he was entitled to claim under the foreclosure, and by bidding that increased amount he was enabled to get the property. The effect was to make the sum of $974.97 the actual and only consideration for the land. It is not to be assumed that the property would have been obtained for anything less. It cannot be argued on this record that no others were ready to buy at the same price, or that no bids of nearly equal amount were not made. For all that appears, other bidders were within a few cents of him. The smallness of the overplus does not affect the question. The principle is the same that it would be if the difference was a thousand dollars.

Having obtained the property on a bid which the facts will not permit him to say that others would not have made in case he himself had not made it, he is not at liberty to repudiate a part of that bid as being fictitious. The fact that he kept the money instead of paying it to the sheriff, as was his legal duty, cannot help him. He made himself a debtor to the owner of the equity of redemption for the amount, and he is estopped from alleging his neglect to pay

the sheriff as a reason for not being required to pay at all. According to the facts, he should have paid to the sheriff for the benefit of the owner of the equity of redemption, and not having done so he holds the amount to the use of the plaintiffs.

The judgment is affirmed with costs.

. The other Justices concurred.

