JOHN L. JOHNSON, Plaintiff and Respondent, *v.* F. T. DAY, JOHNATHAN T. BACKUS, Trustee, and F. G. BARTLETT, as Sheriff of Sargent County, Dakota Territory, now State of North Dakota, Defendants and Appellants.

**Foreclosure of Mortgage—Attorney's Fee—Filing Certificate of Sale.**

1. In foreclosure proceedings by advertisement, where the mortgage provided for an attorney's fee, and the mortgagee was represented by an attorney, the failure of such attorney to file the affidavit required by § 5429, Comp. Laws, does not invalidate the sale. But such failure would prevent the mortgagee from recovering such attorney's fee; and if, in such case, the officer making the sale sold the mortgaged property for an amount sufficient to pay the debt, with costs and disbursements, including such attorney's fee, he would be liable, on demand, to the mortgagor for the amount of such attorney's fee.

2. The failure of the officer making such sale to file a duplicate certificate of sale, in the office of the register of deeds where the mortgage is recorded, within 10 days after such sale, as required by § 5420, Comp. Laws, does not invalidate the sale. This section is directory, and not mandatory.

3. In such foreclosure proceedings a mistake in the middle initial of the mortgagor's name is immaterial. The law recognizes but one Christian name.

(Opinion Filed Dec. 8, 1891.)

*A*PPEAL from district court, Sargent county; Hon. W. S. LAUDER, Judge.

*W. A. Gates* and *J. E. Bishop*, for appellants. No appearance for respondent.

Action to set aside certain mortgage foreclosure proceedings. Judgment for plaintiff. Defendants appeal. Reversed.

The opinion of the court was delivered by

BARTHOLOMEW, J. This was an action in equity to set aside and cancel certain foreclosure proceedings by advertisement. There was a decree for plaintiff, and defendants appeal. This action was evidently brought on the theory that the sale was absolutely void. Plaintiff does not ask an extension of the time for redemption, and does not tender the amount he admits to be due. He claims that the sale, and the proceedings thereunder, constituted a cloud upon his title, which he asks a court of equity to remove without conditions. There is nowhere in the record a suggestion of any damage resulting to him by reason of the alleged irregularities and omissions in the proceedings prior and subsequent to the sale. There are three findings of fact upon which the lower court rested the decree. They are in substance—*First*, that the mortgagee (defendant herein) appeared in said foreclosure proceedings by attorney, and that said attorney entirely failed to file the affidavit required by § 5429, Comp. Laws; *second*, "that the certificates of sale in said proceedings prescribed by § 5420 were not filed in the office of the register of deeds where said mortgage was recorded within 10 days after the date of said sale," and not until 18 days had elapsed; and *third*, that in the foreclosure proceedings the mortgagor (plaintiff herein) was designated as John S. Johnson, while his true name is John L. Johnson.

If either of these grounds is sufficient to support the decree it must stand. The correctness of these findings is questioned, but we need not enter upon that branch of the case, as we think the findings insufficient to sustain the conclusions. Section 5429, Comp. Laws, reads: "The party foreclosing a mortgage by advertisement shall be entitled to his costs and disbursements out of the proceeds of the sale, and shall also be entitled, in addition, to any attorney's fee agreed upon in the mortgage, upon the making, by the attorney, or, if more than one, by one of the attorneys, employed to foreclose, and filing with the register of deeds at or prior to the time of sale, of an affidavit

to the effect," etc.   It seems clear that this affidavit is required to enable the mortgagee to recover the attorney's fee agreed upon in the mortgage, and for no other purpose; hence a failure to file it can only result in the failure to recover such attorney's fee.   There is nothing in the case to show us that any such attorney's fee was ever recovered in these proceedings.   Even if such fee was included in the amount for which the land was sold, we cannot assume that such fee has been paid to the mortgagee, and the mortgagor is entitled, on demand, to any amount recovered on the sale in excess of what was in fact due on the mortgage.   Comp. Laws, § 5424.   The fact that the officer making the sale realized more than was in fact due, certainly is not to the disadvantage of the mortgagor.   Nor would a mistake of the officer in ascertaining such amount in any manner bind the mortgagor or relieve the officer from liability to him for any surplus beyond the actual amount going to the mortgagee, and, if such excess had been paid to the mortgagee, then both the officer making the sale and the mortgagee recovering the money would be liable to the mortgagor for the amount of such excess upon demand made.   Millard v. Truax, 47 Mich. 251, 10 N. W. Rep. 358; Kennedy v. Brown, 50 Mich. 336, 15 N. W. Rep. 498.   Section 5420, Comp. Laws, is as follows:   "Whenever any real property shall be sold by virtue of a power of sale contained in any mortgage, the officer or person making the sale shall immediately give to the purchaser a certificate of sale containing (1) a particular description of the real property sold; (2) the price bid for each distinct lot or parcel; (3) the whole price paid.   And such officer or person shall file in the office of the register of deeds where the mortgage is recorded, within 10 days from the day of sale, a duplicate of such certificate; which certificate must be executed and acknowledged, and may be recorded as provided in case of a certificate of sale of real property upon execution, and shall have the same validity and effect."   It will be noticed that it is the duty of the officer or person making the sale to file a duplicate certificate.   The section throws no duty upon the purchaser.   It is the certificate required by this section that the court found was not filed until 18 days after the sale.   The

difficulty lies in ascertaining just what result follows this omission. The statute gives us no light upon that subject, nor has the point ever been adjudicated by the court of last resort in this jurisdiction, nor do we find the specific point passed upon by any court under a statute similar to ours. We are left to such light as we may obtain from general principles and the design and purpose of the enactment. It has been held in New York, in Jackson v. Young, 5 Cow. 269; and in Minnesota, in Barnes v. Kerlinger, 7 Minn. 82 (Gill. 55), under statutes requiring a sheriff's certificate of sale of realty under execution, that such statutes were directory only, and that an entire omission of the certificate would not invalidate the sale. And in Massachusetts, in Robbins v. Rice, 7 Gray, 202, under a statute requiring a sheriff in certain cases of sale of real estate to have his proceedings under the execution recorded in the proper office before he returned his execution, it was held that such requirement was for the protection of subsequent attaching creditors and *bona fide* purchasers, and that the defendant had no interest in its fulfillment. After full consideration we reach the conclusion that the principle of those cases must apply to this case. The mortgagor who executes a mortgage containing a power of sale is bound to know of his own default, and bound to know that by such default the power executed by him becomes as active and efficient in applying the mortgaged property to the payment of the debt secured as would a decree of court, and he is as much bound to take notice of all that is subsequently done under such power as he would be of all subsequent proceedings under a decree of foreclosure; and having, in law, full knowledge of the time, place, manner and amount of the sale under the power, he cannot be benefited in any manner by filing the duplicate certificate, or prejudiced by the failure to file it. The duplicate certificate is to be filed by the person making the sale, and over whom the purchaser has no control, and it may be filed at any time within ten days after the purchaser has parted with his money. It would not be right or reasonable to hold that the purchaser's rights could be destroyed by the subsequent negligence of the person making the sale, and against which the purchaser is powerless to guard.

But, in the absence of such duplicate certificate in the proper office, junior incumbrances, or attaching creditors of the mortgagor, would have no means of knowing whether default had been made by the mortgagor, or when the right to redeem would expire, or the amount necessary therefor. For their protection the filing of the duplicate certificate is highly necessary, and its absence may furnish a ground of action against the negligent party, but does not affect the validity of the sale. The statute is directory, not mandatory. This accords with the well-established rule that where the statute specifies a time within which an act, particularly an official act, shall be done, such statute is to be regarded as directory merely, unless the nature of the act or the phraseology of the statute is such that designation of time must be considered as a limitation of the power of the officer. Suth. St. Const. § 446 *et seq.;* and see San Francisco v. Pixley, 21 Cal. 59; Cunningham v. Cassidy, 17 N. Y. 276; Osman v. Traphagen, 23 Mich. 85; Bunker v. Rand, 19 Wis. 258.

We think there is nothing in the error in the name. It is now quite generally held that the omission of the middle initial, or a mistake in such initial, is entirely immaterial in legal proceedings, whether civil or criminal. The law recognizes but one Christian name. See 16 Amer. & Eng. Enc. Law, p. 114, and cases cited.

In this case, as in others that have been submitted to us, the conclusions of law reached by the trial court and the formal judgment are thrown together in one instrument. This, we think, is bad practice. The statute requires the judgment to be entered in the judgment book. This practice compels clerks of district courts to enter the conclusions of law as a part of the judgment. This is a useless incumbrance of the record, and one never contemplated by the statute. Trial courts should see to it that attorneys in preparing their conclusions of law and final judgments keep the two entirely distinct. The district court is directed to reverse its judgment as to this appellant, and order a new trial. Reversed. All concur.