TRENERY v. AMERICAN MORTGAGE COMPANY *et al.* (SPOHN *et al.*, Interveners).

1. Under Laws 1895, Chap. 131, providing that notice of foreclosure sale may be published in any newspaper of the county having a *bona fide* circulation of 200 weekly copies, etc., a notice of sale, published in a paper complying with the statutory requirements, was not invalid merely because it was not published in a paper printed at the county seat, and nearer the mortgaged premises.

2. Under Comp. Laws, § 5154, providing that property sold at foreclosure sale may be redeemed within one year from the date of sale, mortgagor is not entitled to one year from the date of the certificate of sale and delivery of the duplicate to the purchaser.

3. If a foreclosure sale is fairly and regularly conducted, it will not be set aside for mere inadequacy of price.

(Opinion filed April 4, 1899.)

Appeal from circuit court, Bon Homme county, Hon. E. G. SMITH, Judge.

Suit by F. A. Trenery against American Mortgage Company and W. A. Walker, defendants, and Margaret J. Spohn, Mary E. Williams, and Elmer Williams, interveners. From a judgment for defendants, plaintiff appeals. Affirmed.

The facts are fully set forth in the opinion.

*W. T. Williams, J. D. Elliott,* and *Zink & Roseberry,* for appellant.

*N. J. Cramer,* for respondents.

FULLER, J.   A trial of this action, instituted in equity by plaintiff, a junior mortgagee, to annul, upon the ground of fraud and collusion, a mortgage foreclosure had under a power of sale, and to cancel, as invalid, a sheriff's deed, executed upon such proceedings, resulted in a judgment, based upon findings of fact and conclusions of law, favorable to the American Mortgage Company, and its co-defendant and grantee, W. A. Walker.

The following are some of the facts essential to a determination of questions presented by plaintiff on appeal from the judgment and from an order overruling a motion for a new trial:   The interveners, having purchased the premises described in the complaint from appellant in January, 1894, mortgaged the same to the Iowa Loan & Trust Company to secure a loan of $1,500 obtained through respondent American Mortgage Company, and at the same time executed to the latter a second mortgage upon the premises to secure the payment of $67.50, commission for obtaining such loan, and appellant, to secure the balance of the purchase price, took a third mortgage for $2,500

A proper determination of the questions presented requires an examination of the foreclosure proceedings, upon which is based a sheriff's deed under which respondents claim title as against the rights of appellant, whose counsel maintain that the notice of foreclosure sale, though sufficient as to form, is

invalid, for the sole reason that publication was not made at the county seat in the newspaper nearest the mortgaged premises. While conceeding that the notice appeared for the full time required in the Citizen-Republican, a weekly newspaper of the proper county, having at the time, and for many years prior thereto, a continuous circulation of 480 copies, 300 of which were sent to subscribers within the county, some of whom resided in the immediate neighborhood of the land, it is urged that a fraud resulted from the selection of this Scotland newspaper, 18 miles away, instead of one having a greater circulation, published near the premises, and at Tyndall, the county seat. We percieve no dishonest motive, and think the Citizen-Republican comes clearly within the statutory definition of a legal newspaper for the publication of mortgage foreclosure notices under a power of sale, requiring that such newspapers "shall have a *bona fide* circulation of two hundred (200) copies weekly, and shall have been published in the county for at least one (1) year prior to the publication of such notices, and be printed, either in whole or in part, in an office maintained at the place of publication." Laws 1895, c. 131. To prevent injury by the fraudulent publication of legal notices in transitory and obscure newspapers, the least likely to attract public attention, and to avoid the disturbance of titles, based upon mortgage foreclosures; on account of refined distinctions as to the character and location of the newspaper in which sales were advertised, the legislature has wholesomely specified the essentials of a "legal newspaper for the publication of legal and other official notices," and the Citizen-Republican meets every requirement. In the notice, as published once a week for seven weeks, successively, it is recited that "said mortgage

will be foreclosed by a sale of the mortgaged premises therein described, at public auction, at the front door of the courthouse, in the city of Tyndall, and county of Bon Homme, and state of South Dakota, on the 11th day of January, 1896, at ten o'clock in the forenoon of that day. The said mortgaged premises are situated in the county of Bon Homme, in the state of South Dakota, and are described as follows, to-wit: The east half (E.½) of the west half (W.½) and the west half (W.½) of the east half (E.½), of section twenty-six (26), in township ninety-four (94) north, of range fifty-nine (59) west," The trial court found that at 10 o'clock in the morning of the 11th day of January, 1896, pursuant to the foregoing notice and power of sale contained in the mortgage, and "at the request of said defendant American Mortgage Company, the mortgagee therein, Howard H. Wagner, then being the duly elected, qualified, and acting sheriff of said county of Bon Homme, offered said lands and mortgaged premises above described for sale at public auction, in forty-acre pieces and tracts,—that is, each forty acres U. S. government subdivision separately,—one at a time, to the highest bidder for cash, and did not receive any offers or bids for any of said forty-acre pieces or tracts of land; and thereupon he, as such sheriff, offered the east half (E.½) of the west half (W.½) of section (26), in township ninety-four (94) north, of range fifty-nine (59) west, one of the tracts described in said mortgage, for sale to the highest bidder for cash, and then and there the said defendant American Mortgage Company offered and bid therefor the sum of fifty-one dollars and sixty-eight cents ($51.68), and, there being no other bids or bidders therefor, the said land was then and there struck off and sold to the American Mortgage Company for said sum by

said sheriff at said sale; and thereupon the said Wagner, as such sheriff, offered the west half (W.½) of the east half (E.½) of section twenty-six (26), in township ninety-four (94) north, of range fifty-nine (59) west, the other and remaining tract described in said mortgage, for sale to the highest bidder for cash, and thereupon the said defendant American Mortgage Company offered and bid therefor the sum of fifty-one dollars and sixty-nine cents, and, there being no other bids or bidders for said land, the same was then and there struck off and sold to said American Mortgage Company for said sum. That thereafter and on the 15th day of January, 1896, the said Howard H. Wagner, as such sheriff, duly made, executed, acknowledged, and delivered to said American Mortgage Company a certificate of sale in duplicate."

There being no redemption, or offer to redeem, a sheriff's deed was executed and delivered to the respondent American Mortgage Company on the 12th day of January, 1897; and one of the points urged by counsel for appellant is that this deed is of no force or effect, because issued fraudulently, before the year of redemption had expired, in that the certificate of sale, dated January 11, 1896, was not filed for record until the 15th day of that month, when a duplicate thereof was executed and delivered to the respondent mortgage company. Upon making a sale by virtue of a power, the officer is required to give to the purchaser a certificate, and to file a duplicate thereof, within 10 days from the date of sale, which may be recorded in the office of the register of deeds; and, in such event, "the same, or a certified copy thereof, shall be taken and deemed evidence of the facts therein recited and contained. * * * The property sold may be redeemed within one year from the day of

sale.  *  *  *  If no redemption be made within one year after the sale, the purchaser or his assignee is entitled to a conveyance."  Comp. Laws, § § 5148, 5154, 5420, 5421.  The view that the year within which redemption may be made does not commence to run until the officer has filed a duplicate certificate of sale imports uncertainty, to obviate which the purchaser is powerless, and, if not contrary to the express terms of the statute providing that "the property may be redeemed within one year from the day of sale," it is certainly not in accord with the spirit of the system provided by the legislature for the foreclosure of mortgages under a power of sale.  Johnson v Day, 2 N. D. 295, 50 N. W. 701, is a case in point.  The sale being made at the time and place mentioned in the published notice, it would be against the settled policy of the law to thus permit a subsequent omission on the part of the officer to defeat or postpone a purchaser's right to a deed.

At the foreclosure complained of, the mortgaged premises were sold to respondent for $133.37, subject to the superior lien of the Iowa Loan & Trust Company, amounting to nearly $1,800; and, as the court found the property to be worth $5,500, it is contended by counsel for appellant that a price so grossly inadequate creates, as against the purchaser, a presumption of fraud amply sufficient to invalidate the sale.  In the absence of inequitable circumstances or proof of misconduct resulting in injury, the courts everywhere agree that inadequacy of price is not sufficient to invalidate a sale made under a power, and, as the record discloses no irregularity or deception on the part of respondents pertaining to the sale, in any manner, we conclude that the position of appellant is not maintainable.  First Nat. Bank of Deadwood v. Black Hills Fair Ass'n, 2 S. D. 145,

48 N. W. 802. The court, in effect, found, and we think the evidence sufficiently shows, that, at a legally conducted sale, a duly authorized person, acting openly and in good faith, purchased the property for the respondent mortgage company, and, as no bids were made for the lots or parcels offered separately, the land was properly sold in gross. First Nat. Bank of Deadwood v. Black Hills Fair Ass'n, *supra;* Power v. Larabee, 3 N. D. 502, 57 N. W. 789.

As the record shows that appellant knew, or under the circumstances ought to have known, that this mortgage existed, and was being foreclosed in a lawful manner, the purchase of the property by respondent Walker, after the company had taken a deed to which it was entitled, is a matter of no special significance.

After a careful examination of every point urged in appellant's brief, our conclusion is that the trial court was not in error, and the judgment appealed from is affirmed.