FIRST STATE BANK OF SOUTH HAVEN *v.* GROSSMAN.

MORTGAGES — FORECLOSURE — SURPLUS — MORTGAGEE BIDDING FACE
OF MORTGAGE NOT LIABLE FOR SURPLUS WHERE NONE WAS DUE.
Where a mortgagor for his own accommodation desired
the mortgage lien to appear to be $11,500, when in fact it
was only $6,000, and, on foreclosure, there being no other
bidders, the mortgagee bid the face of the mortgage with
interest and expenses, but never claimed more than the
actual amount due, for which the property could have
been redeemed, there was no surplus due the mortgagor
or his assignee, although the amount bid was carried into
the sheriff's deed as the consideration.

Appeal from Van Buren; Warner (Glenn E.), J.
Submitted April 10, 1928.   (Docket No. 83, Calendar
No. 33,488.)   Decided July 24, 1928.

Bill by the First State Bank of South Haven against
Bernard J. Grossman to enjoin an action at law, and
for an accounting.   From a decree for plaintiff, de-
fendant appeals.   Affirmed.

*W. W. Holmes* and *David Anderson,* for plaintiff.

*John J. Sterling* and *Bernstein, Zolla & Bernstein*
(*George M. Valentine,* of counsel), for defendant.

McDONALD, J.   The plaintiff held a mortgage for
$6,000 given by Orelius C. Turpin on property known
as the Willow Beach Resort in the city of South Haven,
Van Buren county, Michigan.   On April 11, 1918,
Turpin induced the plaintiff to discharge this mortgage
and to take another for $11,500, with the understand-
ing that the original debt was not to be increased by
any further loan.   In other words, Turpin wanted it
to appear that there was a mortgage lien of $11,500

on the property when in truth it was but $6,000.    The bank never claimed a greater interest than a mortgage lien of $6,000.    Mr. Turpin's purpose in having $5,500 beyond what he owed added to the mortgage does not appear, but it does appear that the bank's part in the transaction was for his accommodation. It was agreed at the time that, in case the property was sold or the mortgage foreclosed, plaintiff's $6,000 and interest, costs and expenses were to be paid first, and, if there was any balance, it was to be turned over to Turpin.    After this mortgage was given, Turpin sold the property to George Zimmerman subject to the mortgage.    Zimmerman subsequently abandoned it.    The interest, taxes, and insurance were not paid and the plaintiff was compelled to foreclose. The mortgage sale was held June 30, 1920.    The plaintiff bid in the property for $13,944.82.    The total amount actually due at that time on the mortgage including costs and expenses was $9,438.79.    The plaintiff paid nothing to the sheriff except the expenses, but received his deed showing a sale for $13,944.82. After the period of redemption had expired, the plaintiff sold the property for the amount actually due on its indebtedness, $9,438.79, which was the best price obtainable.    Turpin assigned his claim against the bank to Bernard J. Grossman, who began suit in assumpsit to recover the surplus which he claimed was or should be in the hands of the bank, that is, he sought to recover the difference between the bid of $13,944.82 and $9,438.79, which was the sum actually due the bank.    After issue had been joined in this suit, the plaintiff concluded that its defense was an equitable one which it could not show in the action at law.    It thereupon filed this bill to restrain the prosecution of the law suit and for an accounting as to the fair value of the property at the time of the sale by the plaintiff, as to what it received for it, and

as to the correct amount due to the plaintiff at the time for principal, interest, taxes, insurance, and expenses, that the court might determine if there was anything due to Mr. Grossman as assignee of Orelius C. Turpin. The defendant moved to dissolve the injunction and to dismiss the bill for lack of jurisdiction. The motions were denied, and, when the cause was heard, the court found there was nothing due to the defendant and entered a decree permanently enjoining him from prosecuting his suit at law. From this decree the defendant has appealed.

The defendant relies on the holding of this court in *Kennedy* v. *Brown*, 50 Mich. 336, in support of his claim to what he calls a surplus from the sale of the mortgaged premises. In that case the mortgagee claimed that there was $974.97 due on the mortgage and bid off the premises for that amount. The sheriff's deed stated the amount of the bid as the true consideration. It was that sum which the mortgagor would have to pay in order to redeem. As a matter of fact, the amount bid was in excess of the sum actually due. The mortgagor did not attempt to redeem, but sued for the excess and was permitted to recover on the theory that some other person might have bid the same amount as did the mortgagee, in which event there would have been a surplus for the mortgagor. This, and the fact that the mortgagor would have to pay the excess as well as the actual amount due to effect redemption were the controlling reasons for permitting the plaintiff to recover a surplus which did not exist.

In the instant case, there was in fact no surplus and there would not have been if the mortgagee had not bid because there were no other bidders. Therefore, Mr. Turpin was not injured by the action of the bank in bidding more than was due. And while the amount of the bid was carried into the sheriff's deed as the

true consideration, Turpin did not have to pay that amount in order to redeem, because he had an agreement with the bank that all of the proceeds above the actual amount due should be paid to him. He could have redeemed on payment of the actual amount due. The bank made no claim to anything beyond that amount, as is evidenced by the following letter which was delivered to Turpin a few days before the sale:

"Mr. ORELIUS C. TURPIN,
     "Chicago, Illinois.
     "*Dear Sir:*   With reference to mortgage of $11,500, dated April 11, 1918, recorded in liber 118 on page 18, covering property known as Willow Beach Hotel in the city of South Haven, county of Van Buren, State of Michigan, we make no claim, at present, to any part of said mortgage over the first $6,000 and interest at six per cent. from the date of mortgage."
                    "Very respectfully,
                         "GEORGE C. MUNROE,
                              "Vice-President."

It is conceded that Mr. Turpin received this letter. He did not attend the sale and was not there represented.   There were no bidders except the mortgagee, who thought that it was necessary to bid the face of the mortgage.   Turpin could have redeemed by paying the actual amount of his debt.   He did not do so.   The bank did nothing beyond carrying out its agreement with him.   He lost nothing on account of the bid.   He has nothing coming except censure. Mr. Grossman, the assignee, who is prosecuting the claim for surplus, has no greater interest than Turpin would have if he were here a party.   Grossman got nothing by the assignment and takes nothing by the decree.   The circuit correctly disposed of the case.
   The decree is affirmed, with costs to the plaintiff.

   FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.