MIDDLESEX BANKING Co. v. LESTER *et al.*

1. Assuming, but not deciding, that in foreclosure preceedings by adver-
   tisement a farm consisting of a quarter section of land should, under
   section 5418, Comp. Laws, be sold *en masse*, instead of in 40's, a sale in
   the latter manner is not, on that account, void, but is an irregularity
   only, to be taken advantage of by some interested party who shows
   himself injured thereby.

2. The fact that the whole tract sold in 40's would not, generally, bring as
   much on competitive bidding as though sold *in solido*, is not good

ground of complaint by a mortgagee who was present or represented at the sale, made no objection to the manner of selling, bid all he desired to bid, and himself became the purchaser of all.

3. The fact that at the sale the mortgagee's agent bid and bought the premises for less than he was instructed to bid might be good ground for a resale, no other equities intervening, where such purchasing mortgagee shows himself injured by his agent's disregard of instructions; but no such injury is apparent when it is not shown that the premises were worth more than the amount for which they were sold, nor that the person liable for deficiency was unable to pay the same.

4. Under such circumstances a resale will not be ordered upon the offer by the mortgagee of an increased price alone.

(Syllabus by the Court.   Opinion filed August 15, 1895.)

Appeal from circuit court, Hand county.   Hon. H. G. FULLER, Judge.

Action to set aside a mortgage sale and for foreclosure. There was judgment for defendants, and plaintiff appeals.   Affirmed.

The facts are stated in the opinion.

*Howard & Walsh,* for appellant.

Where land is described and used as one tract, it should be sold at sheriff's sale *en masse.*   Lalor v. McCarthy, 24 Minn. 417; Willard v. Finnegan, 44 N. W. 985; Johnson v. Williams, 4 Minn. 260; Paquin v. Braley, 10 *Id.* 379; Abbott v. Peck, 29 N. W. 194. When land is mortgaged as one tract, it should be sold as such, unless some one offers to pay the mortgage debt for a less quantity.   Lamerson v. Marvin, 8 Barb. 9; Griswold v. Fowler, 24 *Id.* 135; Cox v. Wheeler, 7 Paige Ch. 248.

When there is mistake or fraud on the part of the officer making a sale of land, equity will grant relief to the injured party. Dewey v. Linscott, 20 Kas. 684; Means v. Roserear, 22 Pac. 319; Adams v. Haskell, 10 Wis. 123; Requa v. Rea, 2 Paige Ch. 339; May v. May, 11 *Id.* 103; Bank v. Houton, 11 Pac. 375; Wiltsie Forec. 651.

*C. G. Hartley* and *John L. Pyle* for respondent.

A sale under a mortgage foreclosure will not be disturbed where it was fairly made and is free from fraud. McCotten v. Jay,

30 N. Y. 80; Gardner v. Schemerhorn, Clarkes Ch. 101; Wilen v. Angel, Id. 217; Lloyd v. Frank, 30 Wis. 306; Homes v. Taylor, 3 How. Pr. 206. The mortgagee may purchase at mortgage sale and mere inadequacy of price bid for the premises will not in itself be grounds for setting the sale aside. Mott v. Walkley, 3 Edw's Chan. 590; O'Donnell v. Lindsay, 39 N. Y. Sup. Ct. 523. A court of equity will not open a mortgage sale for the reason that the mortgagor through mistake failed to attend the sale. King v. Bronson, 122 Mass. 122; Weld v. Reese, 48 Ill. 428.

KELLAM, J. The appellant was the holder of two notes secured by mortgage on real estate, containing a power of sale. Upon default in payment it duly advertised the premises for sale. Prior to the day appointed for the sale, it, by letter, authorized S. L. Sage to "attend, and bid $951.76 in the name of the Middlesex Banking Company for the land described in the certificate." The letter covered certificate of sale to be signed by sheriff in case of sale to appellant. The sheriff was also notified by letter by appellant that: "Our agent, S. L. Sage, has the certificate of sale and other papers ready for you to sign, and the amount of your fees to be paid when signed." It does not appear that he had any further knowledge of appellant's instructions to Sage. On the appointed day the sheriff offered the property, consisting of a solid quarter section, in 40-acre tracts. There were several bidders on each tract, and Sage bid upon each in the name of appellant. Each was struck off to him for a different amount, aggregating in all $350. The certificate of sale was made by the sheriff to appellant, showing the amount for which each 40 was sold. This was delivered to Sage, who filed a duplicate thereof in the office of the register of deeds. Respondent Anna Purkey was the owner of the premises when sold, and was an unsuccessful bidder at such sale. Upon learning the facts, appellant wrote the sheriff, repudiating the sale, and soon after commenced this action to set aside the sale and for foreclosure of said mortgage. Upon trial the court found the facts as substantially above set out, and dismissed the action. From such judgment this appeal is taken,

Appellant urges several grounds upon which the sale should have been set aside. It is claimed, first, that the whole tract or farm should have been sold *en masse*, instead of in 40's. Assuming, but not conceding, that under our statute this is correct, so selling was an irregularity only, and did not of itself make the sale void. While there undoubtedly is some conflict of authority upon the effect of such an irregularity in the case of nonjudicial sales, we are satisfied that the safer rule is that such sales are not void, but voidable only, upon the motion of some interested party who shows himself injured thereby. See Willard v. Finnegan (Minn.) 44 N. W. 985; Cunningham v. Cassidy, 17 N. Y. 276. We can see nothing in this case indicating that the fact that the mortgaged premises were sold in 40's, instead of in a lump, was the direct or indirect cause of injury to the appellant. If appellant's representative, Sage, understood his instructions, and intended to follow them, the selling of the premises in four pieces instead of one would not account for his bidding in the aggregate only $350, in the place of $950, as instructed. There seems to be no relation as of cause and effect between the selling in 40's and Sage's aggregate bids, so much below the amount he was instructed to bid. When he bid $60 on each of the three 40's and $150 on the other, he knew he was not following his instructions as well as though he had bid the aggregate sum on the entire tract. It would look as though he was following his own judgment, instead of his instructions; and there is nothing in the case to suggest that he would have done differently if the whole quarter section had been offered and sold in a lump. He persistently bid against others on each separate 40, and evidently intended to buy them all, as he did, for the appellant. In that respect he did just what he was commissioned to do. The fact that the whole tract, sold in 40's, would not generally bring as much on competitive bidding as though sold *en masse*, is not good ground of complaint by a mortgagee who was present or represented at the sale, made no objection to the manner of selling, bid all he desired to bid, and himself became the purchaser of all. In appellant's printed brief

it is suggested that "a sale by 40's would place one parcel in the center of the section, and inaccessible to the established high-ways." This is true, and the suggestion might possibly be force-ful in this case if the proof did not show that the 40 so situated sold equally well with the others. There might be merit in the suggestion if it appeared that respondent was seeking to redeem a part of the land so sold, and it were claimed that such part was, in consequence of such irregularity, sold for less than its value; but the fact here is that the redemption sought to be made is of the whole premises, precisely as though they had been sold *in solido.* It would be strange, indeed, if a mortgagee, himself present at the sale, with an open opportunity to bid all he desired to, and be-coming the purchaser at just what he voluntarily bid, could after-wards have such sale set aside on the ground either that he bid less than he ought to, or for an irregularity in the sale, which did not injure him. Upon the facts presented by the record, we are unable to see how the irregularity complained of did or could work any damage to appellant.

But does the fact that the agent, Sage, disregarded his in-structions as to the amount to be bid, entitle appellant to a resale? We should say it would where such resale would not disturb or prejudice the rights of other interested parties, provided the ap-pellant show itself to have been injured by the agents violation of his instructions. The question here is narrowed down to the one point of the conduct of the agent, for it is not claimed that the sheriff who made the sale, or anybody else, except appellant and Sage, knew of these instructions, or the extent of his authority. The case is the same as though appellant had sent an agent from its own office in St Paul, having given him a letter precisely like that sent to Sage. Under such circumstances, to entitle the appel-lant to have the sale so made set aside, would require something more than a showing of such disregard of instructions. It must show that it would suffer an injury or damage if the sale were al-lowed to stand. There is nothing in the case to show the value of the premises, or that they did not sell for their full value. It is

true that appellant, in his complaint, offers a considerable larger bid in case a resale is ordered; but such offer does not purport to be based upon the value of the premises, but may be instigated by considerations entirely other than the value of the land. In Lefevre v. Laraway, 22 Barb. 167, it is said, and the statement supported by numerous authorities, that "neither before nor after confirmation of the report of sale will a resale be ordered upon an offer of increase of price alone." See also, Adams v. Haskell, 10 Wis. 107. It is evident that the sole reason for appellant's complaint is that, upon redemption from this sale, he will receive less than if redeemed from a sale for the amount which it instructed its agent to bid; but it is nowhere claimed or suggested that the party liable for any deficiency is not abundantly able to pay the same, nor is such party complaining of the sale. If the maker of the note is solvent,—and we suppose every man is presumed to be, —it is difficult to see wherein the appellant would suffer any substantial damage on account of the land having been sold for less than its agent was instructed to bid. Upon the whole case we do not feel justified in saying that the trial court was wrong in refusing to set aside this sale, and its judgment is affirmed.

FULLER, J., took no part in the decision of this case.