## NORTHWESTERN MORTGAGE TRUST CO. v. BRADLEY *et al.*

1. In a suit to recover land, the validity of foreclosure proceedings under which plaintiff claims cannot be attacked on the ground of usury.

2. Nor can such defense be indirectly pleaded by alleging that the foreclosure was for an amount in excess of that due, the notice of sale having stated the amount due according to the terms of the note secured.

3. Application to vacate a foreclosure sale by advertisement on the ground of inadquacy of price, or that separate parcels were sold *en musse*, comes too late where made over four months after the period of redemption has expired, and no excuse is shown for the delay.

(Opinion filed March 17, 1897.)

Appeal from circuit court, Lawrence county. Hon A. J. PLOWMAN, Judge.

Action to recover possession of real property. Defendants had judgment, and plaintiff appeals. Reversed.

The facts are stated in the opinion.

*Edwin Van Cise*, for appellant.

HANEY, J. This action was brought to recover possession of certain real property to which plaintiff claims title through foreclosure proceedings by advertisement. In the foreclosed mortgage plaintiff was mortgagee and defendants were mortgagors. They interposed four defenses, all relating to the validity of the foreclosure proceedings: (1) Usury, (2) overstatement of amount due, (3) inadequacy of price, and (4) sale

of separate parcels as an entire tract. The learned circuit court held that the proceedings were void; and gave defendants judgment. Plaintiff appealed.

It is unnecessary to decide whether or not the transaction was tainted with usury, as defendants cannot avail themselves of that defense in this action. Robinson v. McKinney, 4 Dak. 290, 29 N. W. 658. The notice of sale stated the amount due according to the terms of the note; the correct amount, unless the contract was usurious. Defendants cannot indirectly plead usury by alleging that the mortgage was foreclosed for an amount in excess of what was then due.

There is no room for any distinction between sales on execution and sales under a power. A sale by a sheriff on an ordinary execution is a merely ministerial one, made by the officer by the naked authority of the writ and the requirements of the statute. A sale under a power contained in a mortgage is made by the mortgagee, or his agents, pursuant to the convention of the parties and the requirements of the statute. The better rule is that foreclosure proceedings by advertisement, when attacked on the ground of inadequacy of price, or that the property was sold *en masse*, are not void, but voidable only, upon the motion of some interested party, who shows himself injured thereby, and who asserts his rights within a reasonable time. Banking Co. v. Lester (S. D.) 64 N. W. 168; Willard v. Finnegan, 42 Minn. 477, 44 N. W. 985; Power v. Larabee (N. D.) 57 N. W. 789.

Considered as applications to have the sale vacated—the view most favorable to defendants—their answers and evidence are insufficient to support any judgment in their favor. It was more than four months after the period of redemption had expired before they made any objection to the sale, or any effort to have it set aside. No reasonable excuse for this delay is alleged or proved. It is not shown that defendants were unaware of the sale; on the contrary, the allegations of their answers and portions of the evidence indicate that they had ac-

tual notice of it.   Assuming there were irregularities in the sale injurious to defendants—which is doubtful—defendants cannot complain, because they did not assert their rights within a reasonable time.   First Nat. Bank of Deadwood v. Black Hills Fair Ass'n, 2 S. D. 145, 48 N. W. 852; Power v. Larabee, *supra*; Bunker v. Rand, 19 Wis. 253; Raymond v. Pauli, 21 Wis 538. Hoffman v. Buschman (Mich.) 55 N. W. 458.   The judgment of the circuit court is reversed, and the cause remanded for further proceedings according to law.