LEHMAN M. GROVE AND J. FULTZ v. THE GREAT NORTHERN LOAN
COMPANY, A CORPORATION.

Opinion filed April 22, 1908.

**Usury — Effect on Mortgage.**

1. A mortgage given for interest partly in excess of 12 per cent.
per annum is not void in this state.

**Same — Purchase Subject to Usurious Mortgage — Defenses.**

2. A purchaser of real estate subject to a mortgage thereon for
interest partly in excess of 12 per cent per annum is entitled to
defend against the foreclosure of such mortgage so far as the en-
tire interest is concerned, unless the amount of the usurious mort-
gage was deducted from the purchase price.

**Same.**

3. The purchaser in such cases is permitted to defend as against
usury, on the ground that he stands in privity of contract and es-
tate with the mortgagor.

**Same — Foreclosure of Usurious Mortgages — Rights of Purchaser.**

4. The mere fact that the purchaser of real estate did not have
actual notice of a mortgage on the land does not entitle him to set
aside the sheriff's deed under a foreclosure regular in all respects where
the mortgage was duly recorded, and the only ground on which
relief is asked is that the mortgage was usurious.

**Mortgages — Foreclosure by Advertisement — Effect.**

5. A foreclosure by advertisement has the same binding force
as foreclosures by action in which the parties are personally served
with process.

**Same — Notice to Mortgagor.**

6. No personal notice to the mortgagor or his grantees is re-
quired to render a foreclosure by advertisement effectual.

**Same — Inadequacy of Price.**

7. Mere inadequacy of the price at a foreclosure sale is not
ground to set aside the foreclosure in the absence of fraud, undue.
advantage, or prejudice.

**Certificate of Sale — Filing Not Mandatory.**

8. The statutory provision that a certificate of sale shall be filed
thirty days after the sale is not mandatory.

**Same — Mortgage Not Dated.**

9. The absence of a date in the mortgage as recorded will not.
vitiate a foreclosure thereof.

**Same — Setting Aside Mortgage Foreclosure Notice.**

10. A purchaser of real estate on which there is a mortgage given
for interest, partly usurious, is not entitled to have a sheriff's deed
given on the foreclosure of the mortgage, regular in all particulars,.

set aside on account of such usury and on the ground that he had no actual notice of the mortgage or of the foreclosure, when the mortgage was duly recorded and the notice of foreclosure duly published, where the application is not made until about three months after the redemption period has expired.

Appeal from District Court, McHenry County; *Goss, J.*

Action by Lehman M. Grove and J. Fultz against the Great Northern Loan Company. Judgment for defendant, and plaintiffs appeal.

Affirmed.

*Butler Lamb,* for appellants.

An instrument representing entirely a usurious consideration is void. Section 5513, Revised Codes 1905; Ward v. Sugg, 24 L. R. A. 280; Brown v. Marion National Bank, 169 U. S. 416; McGee v. First Nat'l Bank of Tobias, 40 Neb. 92; Webb on Usury, 327, 357; Guthrie v. Reed, 107 Pa. St. 251; German Bank v. De Shon, 41 Ark. 331; Union Bank v. Gilbert, 83 Hun. 417; Gore v. Lewis, 13 S. E. 909; Exeter Nat'l Bank v. Orchard, 58 N. W. 144; Cochran v. Powers, 6 Ohio St. 19; Lucas v. Govt. Nat'l Bank, 28 P. F. Smith, 231; Tyler on Usury, page 382, 391.

Privies of parties agreeing to give usury may plead it. Webb on Usury, page 401, 435; Union Dime Savings Institution v. Clark, 59 N. Y. Rep. 342; Morgan v. Tipton, 3 McLean 339, C. C. U. S.; Maloney v. Eahart, 18 S. W. 1030; Jones on Mortgages, Vol. 1, page 541; Hutchinson v. Abbot, 33 N. J. E. 379; Lloyd v. Scott, 4 Peters, 205; Lasater v. First Nat'l Bank, 72 S. W. 1054; Valentine v. Fish, 45 Ill. 468; Ryan v. Am. etc., Land Mtg. Co., 23 S. E. 411.

Foreclosure of usurious mortgage may be set aside. McGee v. First Nat'l Bank of Tobias, supra; Green v. Tyler, 39 Pa. St. 361; Russell, Receiver v. Nelson, 1 N. E. 314; Jackson v. Skinner, 6 Wend. 415; Webb on Usury, 388; Tyler on Usury, 382; Hyland v. Stafford, 10 Barb. 558; Jackson v. Dominick, 14 Johnson's Rep. 435; Cole v. Savage, 10 Paige, 583; Schrappel v. Corming, 5 Denio 236; Jordan v. Humphrey, 18 N. W. 450; Wetherall v. Stewart, 29 N. W. 196; Webb on Usury, 228.

Usury Statutes are liberally construed. Hommand v. Hopping, 13 Wend. 55; Morgan v. Tipton, 3 McLean, 399; Gray v. Bennett, 44 Mass. 522.

*Christianson & Weber,* for respondent.

A sheriff's deed upon foreclosure cannot be set aside for usury. Bell v. Fergus, 18 S. W. 931; section 5856 Revised Codes N. D. 1899; Reilly v. Phillips, 57 N. W. 780.

The plea of usury is personal to the grantor and cannot be set up by his grantee. Gray v. Loud & Sons, 53 L. R. A. 731; Moses v. Home Bldg. Asso., 14 So. 412; Barney v. Tontine Surety Co., 91 N. W. 140; Eslava v. Bldg. & Loan Assn. 25 So. 1013; Johnson v. Bldg. & Loan Assn., 26 So. 201; Anderson v. Oregon Mtg. Co., 69 Pac. 130; Mathews v. Ormerd, 74 Pac. 136; De Wolf v. Johnson, 10 Wheat. 367; Cheney v. Dunlap, 5 L. R. A. 465; McKnight v. Phelps, 56 N. W. 722; Gray v. Loud, 87 N. W. 376; Ladd v. Wiggin, 35 N. H. 421; Ready v. Koebke, 1 N. W. 344; Hill v. Alliance Bldg. Co., 60 N. W. 752; Hiner v. Whitlow, 49 S. W. 353; Smith v. McMillan, 46 W. Va. 577; Zeigler v. Maner, 30 S. E. 829; Bell v. Fergus, 18 S. W. 931; Hiner v. Whitlow, 49 S. W. 353; Robinson v. McKinney, 4 Dak. 291, 29 N. W. 658; N. W. Mortg. Co. v. Bradley, 70 N. W. 648.

A mortgage is complete without a date. Goodlaid's Case, 2 Coke 4; Thompson v. Thompson, 9 Ind. 323; Savory v. Browning, 18 Iowa, 249; Lyon v. McIlvaine, 24 Iowa, 15; Banning v. Edes, 6 Minn. 402; Mitchell v. Bartlett, 51 N. Y. 453.

Misstatement of amount due, in the absence of fraud or injury, does not affect the foreclosure. Savings, etc., Assn. v. Burnett, 39 Pac. 922; Butterfield v. Farnham, 19 Minn. 85; Hamilton v. Lulukee, 51 Ill. 415; Klock v. Cronkhite, 1 Hill, 107; White v. McClellan, 62 Md. 347; Ramsey v. Merriam, 6 Minn. 168; Cook v. Foster, 55 N. W. 1019.

A foreclosure is not affected by the fact that proof of publication was made after the sale. McCammon v. Detroit L. & N. R. Co., 61 N. W. 273.

MORGAN, C. J. This is an action to set aside a sheriff's deed issued pursuant to a foreclosure of a real estate mortgage by advertisement under a power of sale.

The complaint states the following facts: The plaintiff Grove was the owner of the land involved in said mortgage from September, 1903, until May, 1904, and in the latter month conveyed the same by a warranty deed to Fultz, his co-plaintiff in this case. In September, 1903, and while said land was owned by Grove, he en-

tered into negotiations with the defendant, under which it was agreed between them that the defendant would furnish said Grove with $500, and said Grove was to mortgage said real estate to the defendant or to any one to whom the defendant should direct said mortgage to be given. Pursuant to this contract, a mortgage was executed and delivered by Grove to one Laton to secure $500 at 7 per cent annual interest from its date, September 3, 1903, which mortgage was to become due in December, 1908. Two other mortgages were given at the same time pursuant to that contract, one to E. P. Gates for $82.50, of which $41.25 was due December 1, 1903, and $41.25, December 1, 1904, and the other to the defendant for $60, of which $10 was to be paid annually on November 1st until fully paid. All of these mortgages were duly recorded in the proper office. This $60 mortgage was foreclosed by the defendant by advertisement on February 25, 1905, and the land was bid in by it for the sum of $129.06, and on February 27, 1906, the sheriff issued a deed of the premises to the defendant. The complaint also alleges that this mortgage was wholly and entirely usurious and void, and that the foreclosure proceedings were for that reason void. It is further alleged that the plaintiff Fultz did not have any actual knowledge of the existence of the $60 mortgage, and had no actual notice of the foreclosure proceedings until in May, 1906, which was after the sheriff's deed had been delivered. It is claimed that this foreclosure was invalid for the following additional reasons: (1) That the mortgage was not dated as shown by the records of McHenry county, where the same is recorded. (2) That the affidavit of publication is dated March 11, 1905, and the sheriff's certificate is dated on February 25, 1905. (3) That the amount due on the mortgage is incorrectly stated in the notice of foreclosure; that the amount due is stated to be $81.96, whereas the amount due is only $67.50, conceding that the mortgage was not usurious. That in June, 1904, the plaintiff Grove conveyed the premises involved in this suit to said Fultz by a warranty deed for a valuable consideration. That said land was conveyed free of all incumbrances except the mortgage for $500, and said Grove expressly warranted that said mortgage did not draw interest in excess of 12 per cent per annum. That the defendant was informed of the conveyance of said premises to said Fultz and knew his post-office address and did not notify said Fultz of said foreclosure nor of the default in the payment of the 1904 installment. That he has tendered

to the defendant the full amount for which the defendant did purchase said premises at said sale and subsequent costs, but defendant refused to accept said tender. The relief demanded is that said $60 mortgage be declared canceled as well as the deed issued on the foreclosure thereof, and, if such relief be denied, that said defendant Fultz be permitted to redeem from said foreclosure sale. The defendant demurred to the complaint on the ground that it fails to state a cause of action, and the trial court sustained the demurrer, and plaintiffs have appealed to this court.

The appellant's contention is that the foreclosure sale, as well as the deed issued pursuant thereto, was absolutely void for the reason that it was wholly usurious. Conceding that the transaction was usurious, it nevertheless appears that the foreclosed mortgage did not represent interest wholly in excess of 12 per cent per annum on $500 for five years. It was usurious, however, and, being a mortgage for interest only, the interest would be subject to forfeiture in a proper case. The question is therefore presented whether a foreclosure of a mortgage representing in part a usurious transaction is void, and, if void, whether the plaintiffs are permitted to set up that fact as a ground for affirmative relief against a foreclosure sale after the redemption period has expired. Conceding that the $60 mortgage represented some interest in excess of 12 per cent, the highest legal rate allowed, we are agreed that the plaintiff Grove is clearly not entitled to the relief demanded. There is no allegation or claim that he did not have actual notice of the foreclosure and permitted it to go on until the deed was issued without asserting his defense. If he has a right to be heard now in defense of his covenant of warranty, he had the same right while the foreclosure was pending. Conceding that he had a legal right to prevent the foreclosure jointly with Fultz, he did not invoke that right, and now demands equitable relief without attempting to excuse this default. He has lost all right to equitable relief. He should have made his defense seasonably.

The plaintiff Fultz seeks equitable relief upon different grounds. He alleges that he had no knowledge of the $60 mortgage, and no actual notice of the foreclosure thereof. The regular notice prescribed by statute for a foreclosure of mortgages by advertisement was given by publication. This notice was conclusively binding on Fultz, and had the same legal effect on him as if a personal notice had been served on him. He cannot now be heard to assert

that he did not know of the foreclosure. He is presumed to have had notice thereof, and will not be heard to assert that he did not know what the law imputes to him as notice. Barney v. Little, 15 Iowa, 527; Ensign v. Batterson, 68 Conn. 298, 36 Atl. 51; Smith v. Boyd, 162 Mo. 146, 62 S. W. 439; Beach v. Osborne, 74 Conn. 405, 50 Atl. 1019, 1118; Curtis v. Moore, 152 N. Y. 159, 46 N. E. 168, 57 Am. St. Rep. 506; Chadwick v. Russell, 117 Ala. 290, 23 South. 524. Whether Fultz is entitled under any conditions to raise the question of usury is a question of serious contest between the parties. The defendant claims that a purchaser of land, subject to an existing mortgage, can never raise the question of usury in such mortgage. Under many circumstances the contention is true, as that right is generally personal to the borrower. Under the allegations of the complaint, however, we do not think that the general rule applies. In the first place, the borrower brings this action jointly with Fultz, the purchaser, and consents thereby that Fultz may raise the question of usury, and shows that he does not intend to waive the usury. The general rule is that the borrower and those in privity of estate may attack the mortgage or mortgage sale when void for usury. Jones on Mortgages, section 644 (6th Ed.), says: "But the doctrine more generally adopted is that not only the mortgagor, but any person who is seized of his estate and vested with his rights, unless he has assumed payment of the mortgage, may interpose this defense, although a mere stranger cannot. * * * Any one in legal privity with the mortgagor, unless he has debarred himself of the right to dispute the mortgage, may set up this defense; otherwise, the property would be practically inalienable in the hands of the mortgagor, unless he should be willing to affirm the usurious mortgage by selling the property subject to it. But the owner of the property has, of course, the right to sell the property as though such void mortgage did not exist; and the purchaser necessarily acquires all the rights of his vendor to question the validity of the usurious incumbrance." The respondent also contends that Fultz cannot raise the invalidity of the mortgage on the ground of usury, for the reason that he purchased subject to the mortgage and is presumed to have retained a sufficient sum out of the purchase price to fully pay the mortgage. The complaint, we think, clearly refutes that presumption, and negatives the idea that any sum was so retained out of the purchase price to pay anything above 12 per cent interest on the

$500 loan. The general rule applicable in cases where the purchaser deducts from the purchase price enough to pay the mortgage, including the usurious interest, cannot be invoked in this case, as the complaint shows that the $60 mortgage was not known to have been in existence by Fultz, and the amount thereof, therefore, could not have been reserved out of the purchase price.

The case, therefore, comes within the principle that the borrower and those in privity of estate with him are permitted to defend as against usury in proper cases. Webb on Usury, section 350; Union National Bank et al. v. International Bank et al., 123 Ill. 510, 14 N. E. 859; Merchants' Exch. Nat. Bank v. Commercial Warehouse Co., 49 N. Y. 635; National Mutual Bldg. & Loan Ass'n v. Retzman, 69 Neb. 667, 96 N. W. 204. If the borrower waives the usury and pays it, or makes a deduction of the purchase price to that extent on a sale of the premises subject to the mortgage, the purchaser cannot raise the question of usury, even in an action on the usurious note or mortgage. The right to raise the question of usury is personal to the borrower, and, if he ratifies the usurious transactions, others cannot assume a contrary attitude. If these plaintiffs had appeared and resisted the foreclosure by advertisement, as they might have done under section 7454, Revised Codes 1905, no legal objection could have been interposed to allowing them to raise the question of usury.

It is further claimed that the defendant did not notify plaintiffs that the mortgage was to be foreclosed. No such notice is provided for by the statute. Hence the defendant was not required to give such notice, and the foreclosure cannot be invalidated on that ground. Reilly v. Phillips, 4 S. D. 604, 57 N. W. 783.

It is claimed that the foreclosure was void by reason of the usurious character thereof. Whether this is so or not depends upon the statute in force when the mortgage was given. Unless the statute declares that usury vitiates and renders void the notes and mortgages given therefor, then the proceedings are not void. There are no penalties or forfeitures for usurious transactions, except such as are prescribed by statute. The statute in force when the loan was made was the same as the usury law now is, and it is as follows: "The taking, receiving, reserving, or charging a rate of interest greater than is allowed by section 5510 (5511), when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill or other evidence of debt carries with it or which has

been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back in an action for that purpose twice the amount of interest thus paid from the person taking or receiving the same; provided, that such action is commenced within two years from the time the usurious transaction occurred." In addition to this forfeiture of interest in a civil action, the taking of usury is declared to be a misdemeanor by the Penal Code. Under section 5511 a rate of interest not exceeding 12 per cent is lawful. It will be observed that section 5513 is silent as to the effect upon the contract or upon the securities or notes if usury is stipulated for or charged therein. The contract is not declared to be void by this section, nor is the effect of usury upon the contract mentioned therein. It prescribes only as to the penalty in case usury is charged or paid, and no mention is made nor can be read into the statute so far as affecting the contract is concerned. The penalties laid down by the statute, therefore, are the only ones that can be considered, as the rule is that the terms of the statute govern as to that question. The following authorities and many others sustain these principles: Bank v. Pick, 13 N. D. 74, 99 N. W. 63; N. W. Mortgage Trust Co. v. Bradley, 9 S. D. 495, 70 N. W. 648; Oates v. Bank, 100 U. S. 239, 25 L. Ed. 584; Robinson v. McKinney, 4 Dak. 291, 29 N. W. 658; Haseltine v. Bank, 22 Sup. Ct. 50, 183 U. S. 132, 46 L. Ed. 118; Fletcher & Sons v. Circuit Judge, 136 Mich. 511, 99 N. W. 748; N. W. Mortgage Co. v. Bradley, 9 S. D. 445, 70 N. W. 648. It follows that the remedy sought in this action by both plaintiffs is not available to them. They seek to have the mortgage and sheriff's deed declared void when they are not void as a matter of law or fact. On the main question, whether the foreclosure was void, the plaintiff cites many authorities. After carefully reading them, it is clear to us that they are not in point. They refer mostly to foreclosure sales under statutes declaring the usurious contracts void. Other cases are cited which are not applicable. They are cases where defenses of usury were interposed in actions to foreclose mortgages.

The foreclosure by advertisement, followed by the issuing of a deed, is not subject to attack on these grounds any more than if the deed were based on a decree of foreclosure in court. A sale under decree is no more efficacious as a basis of title than a sale by advertisement when all statutory requirements have been complied with.

This is the express effect given to deeds under foreclosures by advertisement by section 5856, Revised Codes 1899, in force when the foreclosure was made. Fultz relies on the fact that he had no actual notice of the $60 mortgage, and no actual notice of its foreclosure until after the redemption period had expired. Under the circumstances of this case, we do not think those facts entitle him to the equitable relief demanded. The mortgage was recorded, which gave him constructive notice of its existence. The notice of foreclosure was regularly published, which as a matter of law is as binding upon him as though he had been personally served with notice of the foreclosure. He purchased the land from Grove, and relied on his covenant that the $500 mortgage was the only mortgage, without any examination of the record.

There is no allegation of fraud or undue influence on the part of the defendant in foreclosing the mortgage. Under such circumstances, we are satisfied that the foreclosure sale is not subject to an attack by an equitable action, based solely on the ground that the mortgage was usurious. If the statute rendered the mortgage void, a different question would be presented. To allow him or parties similarly situated in other cases to come in merely on the ground of want of actual notice would render this method of foreclosure subject to grave abuse, though the foreclosure was attended by strict compliance with the statute. Relief under such circumstances should not be granted in the absence of some distinct ground for equitable relief.

The fact that the publisher's affidavit of the notice of sale was dated as of a later day than the sheriff's certificate does not invalidate the sale. The statute providing for such filing within 30 days from the day of sale does not provide that the failure to do so shall invalidate the sale. The jurisdictional requirement is that the notice shall be published. In the absence of some statutory provision invalidating the sale for failure to file the proof within the prescribed time, we think that the reasonable construction to be given to the provision is that it was intended to be merely directory. Johnson v. Day, 2 N. D. 295, 50 N. W. 701. The notice of sale stated the amount due on the mortgage to be $81.96, when it should have been only $67.50 according to the terms of the notes. There is no allegation of fraud or bad faith in inserting a wrong amount, and there is no allegation that any one was mislead thereby, and there could not well be ground for such allegation of actual prejudice. Jones

on Mortgages, chapter 1855; Cook v. Foster, 96 Mich. 610, 55 N. W. 1021. The absence of a date from the mortgage does not invalidate the mortgage. The fact that the record of the mortgage shows no date is therefore immaterial, as the validity of the mortgage does not depend upon its being dated, but it becomes effective by delivery.

The judgment is affirmed.   All concur.