KAUFMAN, et al, Appellants, v. THE FARMERS STATE BANK, of Tolstoy, South Dakota, et al, Respondents.

(189 N. W. 511.)

(File No. 5088.   Opinion Filed June 27, 1922.)

1. **Foreclosure—Setting Aside Realty Foreclosure, Fraud, Conspiracy, as Grounds—Allegations of Mere Conclusions, Futility of.**

    In a suit to set aside a realty foreclosure, complaint charging fraud and conspiracy by defendant mortgagees to deprive plaintiffs of the land, but failing to specify the manner or mode in which the fraud was perpetrated or the conspiracy carried out, no facts being proven upon which a conclusion of fraud could be based, **held,** no actionable fraud is manifest.

2. **Same—Second Mortgage Foreclosure Sale, Mortgagees' Bid for Amount Due Plus Fees and Expenses—Suit to Set Aside, for Fraud, Conspiracy, in Underbidding—Inadequate Consideration, Immateriality of—Rule.**

    A realty foreclosure by advertisement, under a second mortgage, all statutory steps having been complied with, under which mortgagees bid the full amount due under the mortgage plus statutory attorney's fees and other incidental fees, will not be set aside on ground of mortgagees' fraud and conspiracy to deprive plaintiffs of the land through sale for an inadequate consideration, it being the highest bid made; and, in absence of fraud or bad faith, inadequacy of consideration being immaterial and no ground for setting aside the sale.

Appeal from Circuit Court, McPherson County. Hon. JOSEPH H. BOTTUM, Judge.   •

Action by J. J. Kaufman and another, against the Farmers State Bank of Tolstoy, South Dakota, a corporation, and another, to set aside a realty foreclosure by advertisement. From a judgment for defendants, and from an order denying a new trial, plaintiffs appeal. Affirmed.

*C. A. Kelley,* and *James Byrnes,* for Appellants.

*D. J. O'Keeffe,* for Respondents.

(2)   To point two of the opinion, Appellants cited: Schroeder v. Young, 161 U. S. 334, 40 L. Ed.; Palmer v. Palmer

(Mich.), 160 N. W. 404, note in L. R. A. 1917 E.; Holdsworth v. Shannon, 35 Am. St. Rep. 719.

Respondents cited: Treanery v. American Mortgage Co., 78 N. W. 991; Bailey v. Hendrickson (N. D.), 143 N. W. 134.

ANDERSON, J. This action was brought to set aside the statutory foreclosure of a mortgage covering a quarter section of land in McPherson county, this state. The mortgage foreclosed was subject to a first mortgage of $1,500, and was a commission mortgage in the sum of $37.50, of which an installment of $7.50 was due on the 15th day of September of each year, commencing with September 15, 1917. Of this commission mortgage defendant bank was the owner. At or about the time this installment became due, defendant bank wrote to the plaintiffs stating that the $7.50 installment was due and requesting a remittance to cover, and stating that unless the same was received by return mail proceedings to foreclose the mortgage would be commenced. To this letter plaintiffs wrote a long communication, to the effect that they were not liable to pay this amount, and suggesting that if defendant bank did prefer to foreclose that it would be "all right with plaintiffs." Again defendant bank wrote to plaintiffs urging payment of the installment aforesaid, which was answered by a letter from plaintiffs to the effect that defendant bank might as well proceed with its foreclosure. This attitude on the part of the plaintiffs was reiterated time after time in the correspondence clear up to the commencement of the foreclosure proceedings.

On November 17, 1917, defendant bank commenced foreclosure proceedings by the publishing of a notice in due form in the McPherson County Herald, a legal newspaper published in the county seat of the county where the land was located, for the statutory period, giving notice that the premises in question would be sold at public auction at the place fixed by the notice on January 5, 1918. Pursuant thereto a sale was made at the time and place fixed, and the premises were bid in at the sale by defendant bank for the sum of $81.80; that being the aggregate of the principal and interest due at the time of sale plus 'statutory attorneys' fees, printers' fees, sheriff's fees, and recording' fees. The usual affidavit of sale was made by the sheriff, together with a certificate of sale in the usual form running to the defendant bank. That thereafter said certificate of sale was by defendant bank trans-

ferred and assigned to defendant J. B. Gundert. At the expiration of the redemption year, a sheriff's deed was duly issued to the assignee, Gundert. Shortly after Gundert received the sheriff's deed, plaintiffs were notified of the fact. From that time nearly two years elapsed before the commencements of this action.

[1, 2] Plaintiffs in their complaint charge fraud, and also allege conspiracy on the part of defendants to deprive plaintiffs of the land. In these charges plaintiffs fail to specify the manner or mode in which the fraud was perpetrated or the conspiracy carried out. These charges are set forth in the form of conclusions merely. By the evidence there are no facts proven upon which a conclusion of fraud could be based. We have carefully examined the entire record, and we feel satisfied that no actionable fraud is made manifest. There is no claim by appellants that all the steps required by the statute were not complied with in connection with this foreclosure. The point stressed the most is the inadequacy of the consideration bid and paid at the sale. It is true that the consideration bid and for which the property was sold was under the evidence far from adequate, but it was the highest amount bid, and the bid was made by the mortgagee for the full amount of the mortgage indebtedness, together with the costs of foreclosure. Under such circumstances, we think it well established, not only in this state but in other states, that the matter of the adequacy of the consideration in the absence of fraud or bad faith becomes immaterial. In Loomis v. Stoddard, 42 S. D. 277, 173 N. W. 861, this court said:

. "In this case, the property was sold to the mortgagee as purchaser for the full amount of the mortgage indebtedness and costs of foreclosure. We are not prepared to hold that a mortgagee is required to bid at a foreclosure sale an amount in excess of that secured by the mortgage. Such a requirement would be of no benefit whatever to the mortgagor, for the reason that the amount received at the sale in excess of the indebtedness would be turned over to the debtor, and in order to redeem he would still be compelled to add to it the amount of the mortgage indebtedness, leaving him in precisely the same situation as though the property had been sold for the amount of the mortgage debt. In fact, a rule which would require such a mortgagee to bid in property at its approximate value would compel the mortgagee to

become a purchaser of the property rather than the holder of a security for his indebtedness."

In Bailey v. Hendrickson, 25 N. D. 508, 143 N. W. 136, Ann. Cas, 1915C, 739, the court of our sister state said:

"Mere inadequacy of price at a foreclosure sale is not a ground on which to set aside a foreclosure, in the absence of fraud, undue advantage, or prejudice"—citing Grove et al v. Loan Co., 17 N. D. 352, 116 N. W. 345, 138 Am. St. Rep. 707.

Being, as we are, satisfied from the record in this case that there was no fraud, deception, or bad faith on the part of the purchaser at the sale, and being also satisfied of the correctness of the former holdings of this court, to the effect that, as against a mortgagee who purchases at the sale, inadequacy of consideration ,under the facts of this case, cannot be legitimately urged against the purchaser at this sale.

For the reasons aforesaid, the judgment and the order of the trial court are affirmed.