# ANDRES LUNDE and Emma Koulhurst, Respondents, v. LOOMIS F. IRISH and Arthur Pearson, Appellants.

(195 N. W. 825.)

**Appeal and error — sufficiency of evidence to sustain findings in cases tried without jury not reviewable, unless trial anew demanded; findings in cases triable to court without jury not specified deemed properly decided below.**

1. On appeal from a judgment in an action properly triable, and tried, in the district court under § 7846, Comp. Laws, 1913, as amended by chapter 8, Laws 1913, the supreme court may not review the evidence for the purpose of determining whether the findings of the trial court are sustained by the evidence, unless the appellant has demanded a trial anew of the entire case or of some specified question or questions of fact in the supreme court. All questions of fact not so specified will be deemed to have been properly decided by the trial court.

**Mortgages — one vested with authority to exercise power of sale bound to exercise good faith.**

2. A party vested with authority to exercise a power of sale in a mortgage, in doing so is bound to exercise good faith towards the mortgagor, and his successor in interest. Hedlin v. Lee, 21 N. D. 495, followed.

**Mortgages — gross inadequacy of price, coupled with bad faith in exercise of power of sale, sufficient to annul foreclosure proceedings and sheriff's deed issued thereunder.**

3. While mere inadequacy of price at the foreclosure sale alone is not a sufficient ground for setting aside a sale, otherwise properly conducted, gross inadequacy of price, coupled with bad faith and unfairness in the exercise of the power of sale by the party vested with power to exercise it, with resulting undue advantage to such person and prejudice and injury to the mortgagor or his successor in interest justifies equitable relief against the sale, and the annulment of the sheriff's deed issued pursuant thereto.

Opinion filed November 3, 1923.

---

Note.—(1) Sufficiency of evidence to sustain findings of trial court, see 2 R. C. L. 202; 1 R. C. L. Supp. 441; 4 R. C. L. Supp. 91; 5 R. C. L. Supp. 81.

(2) Necessity of good faith of mortgagee to exercise of power of sale, see 19 R. C. L. 593; 5 R. C. L. Supp. 1041.

(3) Sale under power in mortgage or trust deed as affected by inadequacy of price, see note in 8 A.L.R. 1001; 19 R. C. L. 614; 3 R. C. L. Supp. 962; 5 R. C. L. Supp. 1041.

Appeal and Error, 4 C. J. § 2651 p. 728 n. 46 New.  Mortgages, 27 Cyc. pp. 1477 n. 4: 1502 n. 44; 1507 n. 87; 1508 n. 90.

From a judgment of the District Court of Williams County, *Moellring* J., defendants appeal.

Modified and affirmed.

*John J. Murphy*, for appellants.

*Craven & Converse*, for respondents.

PER CURIAM.  This is an action to cancel and set aside a sheriff's deed issued upon the foreclosure of a certain mortgage by advertisement. The real purpose of the action is to afford the plaintiffs an opportunity to redeem from the mortgage foreclosure sale pursuant to which the sheriff's deed was issued.

The complaint alleges that the plaintiff Koulhurst acquired title to a certain 160 acre tract of land situated in Williams county, under the Homestead Laws of the United States of America; that as owner of such land she did on or about February 16th, 1911, borrow from one, Fred Southard, the sum of $225, and execute in evidence thereof one note in that sum due August 16th, 1916; that at the same time she executed and delivered to said Fred Southard a mortgage on the said tract of land, also, that she did at the same time and place execute to him certain notes in the aggregate sum of $87.75 to wit: one note for $6.75 due August 16th, 1911; one for $13 due August 16th, 1912; one for $13 due August 16th, 1913; one for $13 due August 16th, 1914, one for $13 due August 16th, 1915; one for $13 due August 16th, 1916, and one for $16 due August 16th, 1917, each of said notes bearing interest at the rate of 12 per cent per annum after maturity; that such notes were given as a part of the interest unearned upon the said principal mortgage of $225; that at the same time and place she executed a second mortgage upon said premises to secure said commission or interest notes; that on May 17th, 1911, said Fred Southard assigned said second mortgage to the defendant Irish, and that said Irish purchased said mortgage with full notice and knowledge that such mortgage was given and taken solely in consideration of and to secure the payment of part of the unearned interest on said principal mortgage of $225. The complaint further alleges that on May 5, 1913, the principal mort-

gage of $225 was foreclosed by advertisement and the premises covered thereby sold for the sum of $312.14; that a sheriff's certificate was issued thereon which was duly recorded in the office of the register of deeds; that thereafter on May 5th, 1914, the plaintiff, Emma Koulhurst, redeemed from said foreclosure sale by paying to the sheriff the full amount due on said sheriff's certificate of sale with interest thereon; that the defendant Irish had knowledge of the foreclosure of such mortgage and of the redemption made by the plaintiff Koulhurst; that on April 19th, 1915, the said plaintiff Koulhurst sold the premises and conveyed the same to one Ole Lunde by warranty deed; that said Lunde, as a part of the purchase price, executed and delivered to said Emma Koulhurst a mortgage covering said land securing a note in the sum of $660, with interest at 8 per cent per annum, due April 20th, 1920, which mortgage was duly recorded in the office of the register of deeds of the county; that shortly thereafter the plaintiff Koulhurst removed her residence from the state of Indiana to the state of Ohio where she has since remained; that said Koulhurst is an uneducated woman and wholly unfamiliar with business transactions and that she in good faith had reason to believe, and did believe, that the first mortgage of $225, and the commission mortgage securing the additional interest installments had been fully paid and that she had no notice or knowledge whatever of the alleged foreclosure and sale by the defendant Irish until on or about March 15th, 1921; that on May 22d, 1915, the said Ole Lunde, the grantee of said plaintiff Koulhurst, paid to the defendant Irish the sum of $57.10 on the commission mortgage and that such payment paid the full amount due for interest up to the time of the foreclosure of the first mortgage and $17.83 in excess thereof; that on September 15th, 1915, said Ole Lunde died; that thereafter his estate was duly probated, notice to creditors published; and, on May 15th, 1916, final decree of distribution entered wherein and whereby the land in question was decreed in fee simple unto the said plaintiff Andres Lunde; that the said Andres Lunde thereupon by and through his tenant, one Boss, immediately went into possession of the premises and has held exclusive possession and cropped about forty acres thereof during each of the years 1916, 1917, 1918, and 1920; that said Andres Lunde at all times has resided and now resides in Canada; that he is a Norwegian by birth, and is quite an old man who neither speaks nor

understands the English language; that he is ignorant of business transactions; that he had no knowledge of the commission mortgage hereinbefore referred to and that he had no notice or knowledge whatsoever of the alleged foreclosure and sale under said mortgage by which the defendant Irish obtained a sheriff's deed for the premises until on or about March 15th, 1921, nor did his tenant Boss have any such knowledge or notice until on or about that date; that in the spring of 1919 the defendant Irish caused the commission mortgage to be foreclosed by advertisement; that there were no bidders at said sale and that the premises were struck off to said Irish for the sum of $129.99; that a certificate of sale was issued to him; that thereafter, on or about May 24th, 1920, a sheriff's deed was issued upon said certificate of sale. It is further alleged that at the time of such foreclosure the defendant Irish and his attorney who foreclosed the mortgage well knew that both the plaintiffs, Koulhurst and Lunde, had no knowledge or notice whatsoever of the existence of the mortgage so foreclosed. The trial court found all these allegations to be true.

The complaint alleges and the trial court further found that at the time of said purported sale to Irish the mortgaged premises were reasonably worth from $2,000 to $2,400; that the sum bid by said Irish at the foreclosure sale was so grossly inadequate as compared with the true value of the premises as to shock the conscience of a court of equity. The complaint further alleges and the trial court further found that the sale was not conducted in good faith; that Irish did not become purchaser of the property fairly and in good faith; that while the notice of foreclosure sale published by Irish stated that there would be due on the mortgage at the date of sale the sum of $75.99, that as a matter of fact there was due thereon at that time not to exceed the sum of $55.56; that the defendant, Irish, and his attorney in charge of the foreclosure proceeding knew that the notice of mortgage foreclosure sale would be wholly ineffectual to call attention of the plaintiffs to the fact that such mortgage was being foreclosed; that he (Irish) did not exercise the power of sale in good faith; that he, on or about December 17th, 1920, executed a deed to the defendant Pearson whereby he (Irish) purported to convey the premises to him (Pearson) for a consideration of $1,200; that no part or portion of the purchase price agreed upon has been paid except the sum of $50; and that to secure

the balance of the alleged purchase price Pearson executed and delivered unto Irish two purported mortgages covering said land, one for the sum of $1,000, and one for the sum of $150. The trial court further found that the defendant Irish is the owner and holder and has full control of said mortgages. The court further found that Arthur Pearson is not a purchaser of said lands in good faith.

The trial court concluded that the plaintiffs were entitled to judgment cancelling and annulling the sheriff's deed, the deed given by Irish to Pearson, and the mortgages given by Pearson to Irish. Judgment was entered accordingly and the defendants have appealed.

This action was one properly triable, and it was tried, under § 7846, Comp. Laws 1913, as amended by chapter 8, Laws 1919. That statute provides:

"A party desiring to appeal from a judgment in any such action, shall cause a statement of the case to be settled within the time and in the manner prescribed by article 8 of chapter 11 of the Compiled Laws of North Dakota for the year 1913, *and shall specify therein the questions of fact that he desires the Supreme Court to review, and all questions of fact not so specified shall be deemed on appeal to have been properly decided by the trial court.* Only such evidence as relates to the questions of fact to be reviewed shall be embodied in this statement. But if the appellant shall specify in the statement that he desires to review the entire case, all the evidence and proceedings shall be embodied in the statement."

In this case the appellants have not demanded a trial anew of the entire case, nor have they demanded a retrial of any specified question or questions of fact. Hence, under the statute, as interpreted by several decisions, this court will not review the evidence, but following the language of the statute will deem all questions of fact as embodied in the findings of the trial court "to have been properly decided by the trial court." State ex rel. McClory v. McGruer, 9 N. D. 566, 84 N. W. 636; Security Improv. Co. v. Cass County, 9 N. D. 555, 84 N. W. 477; Bank of Park River v. Norton, 14 N. D. 143, 104 N. W. 525. It therefore remains only to determine whether the pleadings and findings will sustain the judgment (Bank of Park River v. Norton, supra). Upon this question there is, we think, really no issue presented on this appeal; for it is not seriously contended that the findings do

not justify the conclusions reached by the trial court. The principal and, we might say, the sole contention of the appellants, is that the evidence is insufficient to sustain the findings; but, as already indicated, on this appeal, the findings must be taken to be true. Therefore it stands undisputed upon the record before us that a tract of land worth at least $2,000 was sold to the defendant Irish for the sum of $129.99; that in the foreclosure proceedings the defendant Irish exercised the power of sale in bad faith and for the purpose of depriving the plaintiffs of their property and obtaining title thereto in himself at a grossly inadequate consideration; that the plaintiffs at all times acted in the best of faith and unquestionably would have redeemed the premises during the year of redemption if they had been informed in any manner of the outstanding sheriff's certificate of sale; that after the expiration of the year of redemption and after the sheriff's deed had been executed and delivered to the defendant Irish, he and the defendant Pearson, both in bad faith, caused a deed to be executed from Irish to Pearson and two mortgages to be executed and delivered by Pearson to Irish upon the land in controversy; and that they caused all of such instruments to be recorded in the office of the register of deeds of Williams county.

While a power of sale in a mortgage is valid, and a foreclosure thereunder legally conducted has the same binding force as a foreclosure by action in which the parties are personally served with process (Comp. Laws 1913, § 8087; Grove v. Great Northern Loan Co. 17 N. D. 352, 138 Am. St. Rep. 707, 116 N. W. 345), and "the mortgagee, his assigns, or their legal representatives, may fairly and in good faith purchase the premises so advertised, or any part thereof," at a foreclosure sale held by virtue of such power (Comp. Laws 1913, § 8083). the party having the right to exercise such power of sale is bound to exercise it in the utmost good faith towards the mortgagor, and his successor in interest. Hedlin v. Lee, 21 N. D. 495, 131 N. W. 390; 19 R. C. L. p. 594. And while inadequacy of price at the foreclosure sale is not of itself alone a sufficient ground for setting aside a sale, otherwise properly conducted (Grove v. Great Northern Loan Co. supra; Bailey v. Hendrickson, 25 N. D. 500, 143 N. W. 134, Ann. Cas. 1915C, 739; 19 R. C. L. 614), gross inadequacy of price, when coupled with the fact that the person vested with the power of

sale has been guilty of bad faith, and did in fact in the exercise of the power of sale deliberately seek to obtain an undue advantage for himself at the expense of the mortgagor or his successor in interest unquestionably furnishes a basis for equitable relief and justifies an annulment of the sale. See Hedlin v. Lee; Grove v. Great Northern Loan Co; and Bailey v. Hendrickson, supra; 19 R. C. L. 614.

In their complaint the plaintiffs ask that the amount, if any, due on the mortgage be ascertained, and the plaintiff, Lunde, permitted to pay the amount so found due into court; or in case such relief is denied that the plaintiffs or either of them be permitted to redeem by paying into court the sum bid by Irish at the mortgage foreclosure sale, to wit: $129.99, with interest thereon. The trial court in its decree made no provision for payment of either of these amounts or of any amount whatsoever. As already stated, the trial court found that on May 22d, 1915, Ole Lunde, the then owner of the land, paid all notes which had matured prior to that time. Elsewhere in its findings the trial court found that on the date of the mortgage foreclosure sale held May 20th, 1919, there was due on the mortgage not to exceed $55.56. For reasons already stated these findings of the trial court must be taken as correct on this appeal. While the findings do not state what installments were included in the $55.56 so found to be due, in light of the former finding that all installments which had fallen due prior to May 22d, 1915, were paid by Ole Lunde on that date, it is apparent that the trial court actually found that the notes which fell due August 16th, 1915, August 16th, 1916, and August 16th, 1917, had not been paid and that these notes including interest thereon remained due and unpaid. The judgment appealed from is therefore modified so as to provide that the mortgage held by Irish, the sheriff's deed issued to Irish on the foreclosure, the deed from Irish to Pearson and the mortgages from Pearson to Irish be cancelled and annulled on the condition that the plaintiffs or either of them within sixty days after the return of the remittitur herein pay to the clerk of the district court of Williams county, for the use and benefit of the defendants the aggregate of the following sums to wit: $13 with interest thereon at the rate of 12 per cent per annum from August 16th, 1915, up to the date of payment; $13 with interest thereon at the rate of 12 per cent per annum from August 16th, 1916, up to the date of payment, and $16 with in-

terest thereon at the rate of 12 per cent per annum from August 16th, 1917, up to the date of payment. In the event such payment is not made within the time stated that then the mortgage held by Irish be not cancelled but that the same be adjudged a lien upon the premises securing the payment of said three notes above described. Neither party will recover costs on appeal.

BRONSON, Ch. J., and BIRDZELL, JOHNSON, CHRISTIANSON, and NUESSLE, JJ., concur.