ST. PAUL TRUST AND SAVINGS BANK, a Corporation,
SNELLING REALTY COMPANY, a Corporation, Assignee of
the Plaintiff, Appellant, v. JOURGEN OLSON, Clara Olson,
Frank T. Sheean, Louis H. Burrell, N. J. Pierce, Farmers State
Bank of Wenona, Illinois, a Corporation, Peoples Savings Bank
of Spencer, Iowa, a Corporation, Central Metropolitan Bank of
St. Paul, Minnesota, a Corporation, and A. C. Knight.
JOURGEN OLSON, Respondent.

(202 N. W. 472.)

**Appeal and error — on trial court's exhausting discretion under supreme
court's mandate by conditional denial of application for new sale date
and ordering sale to proceed, such sale must be considered as any other
sale of land on execution.**

1. Pending an appeal by the defendant in an action to foreclose on certain
real property, the Supreme Court ordered that the sale on execution of the prop-
erty involved be stayed and postponed until after the final disposition of the cause.
The judgment appealed from was affirmed, but the court expressed a doubt as
to the propriety of the sale on the postponed date and ordered that appellant
might, if he so desired, apply to the district court for the publication of a new
notice of sale. Such application was made and conditionally denied and the
sale had. *Held* that the trial court, having denied the application for a new
sale and having ordered the sale to proceed, thereby exhausted its discretion
under the mandate of the Supreme Court, and the sale, having been made,
must be treated and considered the same as any other sale of real property on
execution.

**Execution — on ex parte application for confirmation of sale on execution,
if face of return shows proceedings were regular sale must be con-
firmed.**

2. Section 7752, Comp. Laws, 1913, providing for the confirmation of a sale
on execution, contemplates an ex parte application only, and the court may
look no further than the face of the return. If it appear therefrom that the
proceedings were regular, then the sale must be confirmed.

**Appeal and error — execution — whether execution sale shall be set aside
rests in sound discretion of trial court; trial court's action as to setting
aside execution sale not disturbed, except for abuse of discretion.**

3. Whether a sale on execution shall be set aside is a matter which rests in

---

Note.—(4) Inadequacy of price as grounds of collateral attack on judicial and
execution sales, see annotation in 1 A.L.R. 1443; 16 R. C. L. 95; 3 R. C. L. Supp.
542; 4 R. C. L. Supp. 1044; 5 R. C. L. Supp. 870.

the sound discretion of the lower court and the court's action in that regard will not be disturbed unless an abuse of discretion be shown.

**Execution — inadequacy of price held not to warrant setting aside execution sale in absence of exceptional circumstances.**

4. Mere inadequacy of price will not, in the absence of exceptional circumstances, warrant the setting aside of an execution sale.

**Mortgages — sale of land worth $136,000 for equivalent of $111,000 on foreclosure should not be set aside on account of inadequacy of price.**

5. Record examined and held, for reasons stated in the opinion, that the sale was a fair sale and should not have been set aside.

Opinion filed December 29, 1924. Rehearing denied February 28, 1925.

Appeal and Error, 4 C. J. § 3270 p. 1221 n. 53. Executions, 23 C. J. § 643 p. 662 n. 71; § 644 p. 662 n. 85; § 659 p. 670 n. 8; § 668 p. 676 n. 85; § 689 p. 691 n. 67, 72. Mortgages, 27 Cyc. p. 1715 n. 84.

Appeal from the District Court of Ward County, *Lowe,* J.
Reversed.

*Flynn, Traynor & Traynor* (*C. R. Beddall* of counsel), for appellant.

"Mere inadequacy of price, where the parties stand on an equal footing, and there are no confidential relations between them, is not, of itself, sufficient ground to set aside the sale, even though there was only one bidder; but there must be in addition some element of fraud, unfairness, or oppression." 23 C. J. pp. 676, 677.

To justify setting aside a judicial sale evidence to support the motion must be strong and convincing or else it will be denied. Barnes Co. v. Coal Co. (W. Va.) 109 S. E. 616; Power v. Larabee, 3 N. D. 505, 57 N. W. 789; McDonald v. Beatty, 10 N. D. 520, 88 N. W. 281.

"Where a mortgagee, on a breach of a condition in the mortgage, acts in good faith and sells the property under the power of sale, the fact that the mortgagee purchased the property through an agent at the sale for less than its value, and no other bidders were present, does not make the sale invalid, although it results in a hardship on the mortgagor." Learned v. Greer (Mass.) 29 N. E. 215.

"It is the policy of the law that a judicial sale shall be final." Wheeler v. Miller (Okla.) 175 Pac. 224.

*McGee & Goss,* for respondent.

Nuessle, J. This appeal is from an order of the district court of Ward County denying a motion for confirmation of a sale of real property on execution and setting such sale aside. The case has heretofore been before this court on appeal from the judgment. See St. Paul Trust & Sav. Bank v. Olson, 50 N. D. 883, 198 N. W. 468. On the former appeal this court entered an order requiring the sale of the real property involved, and which sale was then being advertised as for the 8th day of March, to be postponed until April 19th, 1924. When the judgment appealed from was affirmed this court said:

"In view of all the circumstances we have grave doubts if a sale of the real estate, held pursuant to the original notice of sale, would be likely to bring about a proper attendance and desirable bids at the sale. Hence, it is the order of this court that if the appellant so desires he may apply to the district court forthwith for the publication of a new notice of sale of the real property, and, also, for a vacation of the sale of the personal property, and a new sale thereof. And if such a sale be ordered of either the personal or real property or both of such personal and real property, that it be had in such manner, and the property be sold in such parcels and pieces as will bring the best possible price; and to that end the trial court afford the parties an opportunity to make such showing as they desire as to the manner in which the sale be had, and after such hearing the trial court make such further order in regard thereto as is meet and just in the premises, having due regard to the rights of all parties affected. It is further ordered that the remittitur be forthwith transmitted to the trial court.".

The present respondent, Olson, thereupon applied to the district court for an order requiring a republication of the notice of sale and the holding of the sale at a later date. The district court denied this motion and "ordered that said sale be not stayed at this time and that such sale be held as advertised and that the same be offered in parts and parcels as provided by law, it being the intention of this court at this time to consider the matter of whether such sale shall be set aside upon the final hearing of said application of Jourgen Olson or upon an application to confirm said sale, it not being the intention of this court to hold that sale on this date would be to the best advantage of all parties, but inasmuch as said sale has been advertised and bidders present, the court feels that such sale should be had and that the court

thereafter take such action on said sale as in his opinion should be done."

Pursuant to this order, the sheriff sold the real estate to the present appellant, Snelling Realty Company, the assignee of the judgment, and made a report of such sale. Thereafter, the trial court issued' an order to show cause directed to Olson as to why the sale as made should not be confirmed. On the return day the respondent appeared and filed his objections to the confirmation of the sale. He urged as reasons therefor that the matter had been in litigation; that by reason thereof there was uncertainty as to whether the sale would take place and bidders were deterred from attending the sale and none, in fact, were present, excepting the appellant and its agents, and as a consequence the sale was not a fair sale and the property in question was sold at prices grossly disproportionate to and less than its real value; that if a resale were had the respondent believed that much more could be realized from the sale of such property. Both respondent and appellant made showing by affidavits. The trial court, after considering the showing as made by both sides, thereupon made its order denying the motion to confirm the sale, set it aside, recalled the execution and ordered that a new sale be had on application of the appellant. It is from this order that this appeal now comes to this court.

The appellant, in support of the appeal, urges that the sale should be confirmed; that although this court in the opinion in the former case ordered that the trial court might, if it saw fit, order a sale at a later date, nevertheless the trial court having refused in' the first instance to order such sale thereby exhausted its discretion under the mandate of this court and the sale having been had, thereafter such sale must be considered and treated the same as any other sale on execution; that the trial court was required to confirm the sale if on the face of the proceedings it appeared that the same was in all things regular; that there was no irregularity on the face of the record; that bidders were present; that the sale was a fair sale; that the property was struck off and sold to the highest bidder; that the price paid was adequate; that even though inadequate that fact alone did not warrant setting the sale aside; that there was an abuse of discretion on the part of the trial court in so doing.

We are of the opinion that when the trial court, in accordance with

the mandate of this court, considered and passed upon the application of the defendant for a sale at a later date and refused to order the same, such discretion as he had under the mandate was exercised and exhausted and thereafter, the sale having been had, it was to be treated and considered by the trial court and must be treated and considered on this appeal the same as any other sale of real property on execution.

Section 7752, Comp. Laws 1913 provides:

"If the court upon the return of any writ of execution, for the satisfaction of which any real property or interest therein has been sold, shall, after having carefully examined the proceedings of the officer, be satisfied that the sale has in all respects been made in conformity to the provisions of this chapter, the court must make an order confirming the sale and directing the clerk to make an entry on the journal, that the court is satisfied of the legality of such sale and an order that the officer make to the purchaser a deed of such real property, or interest therein, at the expiration of one year from the day of sale unless the same is redeemed as herein provided. . . ."

This section contemplates an ex parte proceeding only, and the court may look no further than the face of the return. If from this it appears that the sale and the proceedings leading up thereto were in all things regular, then the sale must be confirmed. Warren v. Stinson, 6 N. D. 293, 70 N. W. 279; Crouch v. Dakota, W. & M. R. Co. 18 S. D. 540, 101 N. W. 722.

But in this case there was more than a mere application to confirm the sale. The court and all parties, in effect, treated the proceedings as a motion by the respondent to set the sale aside. Showings by affidavit were made by both sides and such showings considered by the court. The court in his memorandum assigned as the reason for setting the sale aside that there were no bidders except on behalf of the appellant by reason of the postponement of the sale and the circumstances attendant thereon.

Whether a sale on execution shall be set aside is a matter which rests in the sound discretion of the lower court and the court's action in that regard will not be disturbed unless an abuse of such discretion be shown. Stroup v. Raymond, 183 Pa. 279, 63 Am. St. Rep. 758, 38 Atl. 626; Griswold v. Barden, 146 Wis. 35, 130 N. W. 952; Wiltsie, Mortg. Foreclosure, § 663. It, therefore, follows that the sole ques-

tion for consideration on this appeal is as to whether there was an abuse of discretion on the part of the trial court in setting aside the sale.

Generally, the rule is well established that mere inadequacy of price will not, in the absence of exceptional circumstances, warrant the setting aside of an execution sale. See Stroup v. Raymond, supra; Griswold v. Barden, 146 Wis. 35, 130 N. W. 952; Wiltsie, Mortg. Foreclosure, § 661; Freeman, Executions, § 309; 23 C. J. 676. This court has heretofore held to the same effect. See Power v. Larabee, 3 N. D. 502, 44 Am. St. Rep. 577, 57 N. W. 789; Warren v. Stinson, supra; McDonald v. Beatty, 10 N. D. 511, 88 N. W. 281; Past v. Rennier, 30 N. D. 1, 151 N. W. 763; Grove v. Great Northern Loan Co. 17 N. D. 352, 138 Am. St. Rep. 707, 116 N. W. 345; Lunde v. Irish, 50 N. D. 312, 195 N. W. 825. The reasons for this rule can not be better stated than they were by Mr. Justice Corliss in Warren v. Stinson, supra.

But in this case there is a question as to whether the price as bid and paid was inadequate. The judgment debt was for a large sum. Much real property was advertised for sale. Twenty-three different tracts aggregating some 4547 acres were struck off for the aggregate sum of $82,770.68, while 17 different tracts aggregating some 3600 acres were struck off for $17.00 or $1.00 per tract. The whole amount realized was practically sufficient to satisfy the judgment debt and costs. It appears that there was, in fact, a small deficiency—less than $200.00. But it further appears that the appellant, the assignee of the judgment creditor, intended to bid an amount sufficient to cover the judgment and costs and it offered, both in the lower court and in this court, to remit any deficiency and satisfy the judgment for the amount bid. The appellant's contention is that the 17 tracts bid in for $1.00 each were so heavily encumbered with mortgages and other prior liens that there was no value in the equities that were sold and that it must realize wholly upon the 23 tracts that were sold for the larger sum. It appears that against some of these tracts there were prior encumbrances and it also appears, from the showing as made in the record, that the taxes on these lands have not been paid since 1920; that the 1921, 1922 and 1923 taxes unpaid, aggregate, with interest, some $17,000; that the 1924 taxes, which will have become past due prior to the ex-

piration of the year of redemption from the sale as had, will, including hail indemnity, amount to a further sum of $5,000; that the interest during the redemption period will approximate $6,000; and that, therefore, the total amount that will stand against the lands at the expiration of the year of redemption will be approximately $111,000. So, for all practical purposes that may be considered as the amount for which the land was sold.

It appears, from the showing as made by the defendant and respondent, that the value of the 23 tracts is approximately $136,000. The showing of the appellant is that the value is much less. The difference between the amount which may be considered as the sale price and the respondent's claimed value for the 23 tracts is about $25,000. It seems to us that in this consideration we need pay no attention to the 17 tracts sold for $1.00 each, for the reason that redemption may be made any time within the year for an insignificant sum. Practically, so far as the respondent is concerned, the case is as though the judgment were satisfied by the sale of the 23 tracts. Looked at in this wise, we are of the opinion that it cannot be said that there was a great inadequacy of price, considering the 23 tracts. The result of the sale was such as to dispel any doubts that this court may have entertained as to the propriety of going forward with the sale on April 19th, 1924.

But even though the price were inadequate, are the circumstances so exceptional as to warrant a setting aside of the sale? The respondent urges that, by reason of the fact that the litigation in chief was in the Supreme Court, there was uncertainty as to whether or not a sale would be had and as to the fruits of a purchase at such sale, if had, and bidders were thereby deterred from attending the sale. It is to be noted in the first place that the full notice of sale was published as required by law during the period between the date originally set for the sale and the date as ordered by this court, and appended to such notice was a further notice that by order of this court the sale was continued to April 19th. It appears from the showing as made that at least one prospective bidder other than appellant's agent was in attendance, but by reason of the amount bid for that particular tract in which he was interested he did not bid. Various other persons were present at the sale, but made no bids. Whether they were prospective bidders does not appear. These facts, it seems to us, taken into consideration in

connection with the amounts that were actually bid and for which the sales were made, can result in no other conclusion than that the sale was a fair sale and that the circumstances in connection with it were not so exceptional as to bring the case within the rule that would warrant a denial of confirmation.

We think it proper to make reference to the fact that the sale comes within the provisions of chapter 132, Laws of 1919, which provides that the execution debtor shall be entitled to the possession, rents, use and benefit of the property sold during the year of redemption. We think that the real kernel of the respondent's contention is laid bare by his allegations as set out in an application made by him on May 10, 1924 for a postponement of the sale until September 15, 1924 and wherein the respondent recites that "he intends to redeem said real· estate from such sale as is hereafter made; that this affiant has a large portion of the said land in crop this year and is desirous of putting said land in crop for the year 1925 and that the proceeds of said crops together with such money as he can borrow will enable him to make a redemption; that if said premises are advertised for sale and sold prior to September 15, 1924 the 1925 crop will be lost not only to this defendant but to the plaintiff. . . .

"That there is an excellent prospect for a crop in 1924 . . . and if a large crop is harvested in this vicinity said land will greatly increase in value and will perhaps reach its normal price of $40 an acre, but in any event there will be a substantial increase in the value of said land and this will enable the defendant to make a loan on said real estate, the proceeds of which, together with the returns from the two crops, will enable this affiant to make a redemption from any sales made herein." In other words, the respondent frankly states that his reason for desiring the sale to be held at a later date is that he may take advantage of the crops grown in the interim and of any rise in the value of land. The loan secured on the property sold was due in November, 1921. It was not paid. No interest has been paid. Respondent has paid none of the taxes for the years 1920, 1921, 1922, 1923 or 1924. He has had the use of the land. He wants it for still another year—for the cropping season of 1925. There is no equity in his position.

We think there was error in setting the sale aside and that the sale

as made should have been confirmed. The order appealed from will, therefore, be reversed and the case remanded with directions to the trial court to confirm the sale as made on April 19, 1924. It is so ordered.

JOHNSON and BIRDZELL, JJ., concur.

CHRISTIANSON, J. (dissenting). I dissent. Under the decision of this court on the former appeal the trial judge was given authority to determine whether a new notice of sale ought to be given. The decision of this court vested him with the widest possible discretion. If before the sale was had, he had determined that a new notice ought to be given, his determination would of necessity have been final as there was not sufficient time to obtain a review of his decision. When the application for a new notice was presented to the trial judge, he determined that in view of all the circumstances he would permit the sale to be held and then, after the sale had been held, determine whether a new notice ought to be given. In this I see nothing contrary to the order of this court. The trial judge pursued a practical course. He, in effect, told the parties that he would suspend judgment on their motion until after the sale was had, i. e., that he would decide the motion in light, not only of the then existing record, but in light of the sale. After due consideration of all the facts, the trial judge decided that a new notice of the sale ought to be given. The decision was upon the very question this court required the district judge to decide. And in my opinion it cannot be said that the trial judge abused his discretion in making the order appealed from.

BRONSON, Ch. J., concurs in dissent.