[File No. 7126]

THEKLA TOOZ, as Administratrix with the Will annexed, under the Last Will and Testament of Fred Tooz, deceased, Respondent, v. ERNEST TOOZ, Appellant.

(39 NW2d 257)

Opinion filed August 26, 1949. Rehearing denied Oct. 10, 1949

*Murray & Murray,* for appellant.
*Floyd B. Sperry,* for respondent.

NUESSLE, Ch. J. This action was brought pursuant to the provisions of Chapter 32–07, RCND 1943, to recover possession of personal property. The sheriff took possession of the property. Section 32–0703, RCND 1943. The defendant desired to repossess certain articles of it, to-wit: a tractor, a mower, a corn cultivator, and a truck, and having given a sufficient undertaking as required by Section 32–0706, RCND 1943, procured a redelivery thereof. Thereafter the plaintiff filed an amended complaint setting forth this action on the part of the defendant, alleging that the plaintiff as the administratrix with the will annexed of Fred Tooz, deceased, was entitled to the possession of the property, and demanding judgment for the return thereof and damages on account of its detention. The defendant answered. He denied the allegations of the amended complaint and alleged title to the property in himself.

The case was tried to the court without a jury and the court made findings of fact and conclusions of law. Among other facts the court found that the decedent, Fred Tooz, at the time of his death, was the owner, in addition to other property, of the mower, the cultivator, the truck, and an undivided half interest in the tractor. And the court concluded that the plaintiff as administratrix was entitled to the possession of such property and to damages for its detention. The court further found the value

of the several articles of property above described and the value of the use thereof during the time the same were wrongfully detained by the defendant. Accordingly judgment was ordered and entered for a return of the property to the plaintiff and if a return thereof could not be had, for its value, together with damages for its detention. Whereupon the defendant perfected the instant appeal.

The defendant demands a trial anew in this court on the question of damages only. See Section 28–2732, RCND 1943. A statement of the case wherein only that part of the record touching the question of damages was included was settled by the trial court. Thus the only question for review and determination on this appeal is as to whether the damages fixed and allowed by the trial court for the detention of the property redelivered to the defendant and to the possession of which the trial court held the plaintiff was entitled, are warranted by the record before us. All other questions are deemed to have been properly decided. Section 28–2732, supra; Lunde v. Irish, 50 ND 312, 195 NW 825; Coffland v. Naftalin, 58 ND 386, 226 NW 627.

In the early case of Northrup v. Cross, 2 ND 433, 51 NW 718, this court held that in an action of claim and delivery a party recovering property wrongfully detained from his possession may recover as damages the value of the use of the property where it has an active capacity for earning money. In that case the defendant rebonded the property taken by the sheriff and thus retained possession thereof. The plaintiff had judgment in his favor. The court said, "Here the bond given by the defendant is conditioned for the delivery of the property to the plaintiff, if such delivery be adjudged, and, if plaintiff recovers, he takes an alternative judgment. He has the right to insist upon delivery, if a delivery can be had, and on the other hand the defendant has the right to insist upon delivering the property in satisfaction of the judgment for value. Plaintiff's ownership continues during the proceedings; and, being the owner, he is properly entitled to the value of the use of his property wrongfully detained from his possession."

This holding in the Northrup Case is in accord with the general rule. See Nahhas v. Browning, 181 Cal 55, 183 P 442,

6 ALR 476; Allen v. Fox, 51 NY 562, 10 Am Rep 641; Thomas et al. v. First National Bank, 32 Okla 115, 121 P 272, Ann Cas 1914A 378; Wells Replevin, 2d ed, § 579, et seq; 54 CJ 625, et seq; 46 Am Jur 77, et seq. As stated in the authorities last above cited this rule is applicable where the property in question is not held for sale or for consumption. In the latter case the damage recoverable is the interest on the value of the property for the period of wrongful detention, plus depreciation in value, if any.

In the instant case the settled statement contains but fragments of the evidence. However, reading the record in the light of the memorandum opinion of the trial court and his findings of fact we infer that Fred Tooz, the decedent, was a farmer who owned and occupied a farm and used the machinery here in question in its operation, and therefore it had a usable value. The defendant contends that the measure of damages to be applied is interest on the value of the property during the period of detention plus depreciation in value, if any. On the other hand, the plaintiff contends that the measure where as in this case the property was not held for consumption or sale, is the value of its use during the period of detention. Consistent with the rule stated in Northrup v. Cross, supra, the plaintiff's contention must be sustained. But the measure is the value of the use to the plaintiff and not the value of the use to which the defendant put the property while it was in his possession. The theory underlying this rule is that of compensation and not of punishment; that is, the party entitled to the possession of property wrongfully detained should be put as nearly as possible in the position that he would have occupied had the property not been withheld from him. Wells Replevin, 2d ed § 530.

Plaintiff called one Palaniuk as a witness to establish the value of the property and the value of its use during the period of detention. This witness testified that he was a farmer of many years experience; that he resided some twenty-five miles from the farm of Fred Tooz; that he knew the Tooz farm and the character of the soil thereof; that he had bought and owned and had used and operated tractors and trucks in his own farming operations for fifteen or twenty years; that he had hired the

use of tractors and trucks and had let his own to others for hire; that he had been an appraiser of real estate in the employ of The Federal Land Bank and an appraiser of real estate and personal property for two years in proceedings under the Frasier-Lemke Act; that from his use of such machinery and from his knowledge and experience thus otherwise acquired he knew and was able to estimate and state the value of the machinery in question and the value of its use during the time of its detention. He was then asked as to what these values were. The defendant objected to this question on the ground that there was no foundation laid for the admission of such testimony; that the witness was not qualified to testify as to these values; that the answer could be no more than a guess and a conclusion and that the measure of damages pursuant to which the evidence was proffered was not the proper one. The objection was overruled and the witness was permitted to answer. This ruling was correct. The witness had shown sufficiently his qualifications to testify as to the value of the use of the machinery. And as we have shown the measure of damages pursuant to which the evidence was proffered was the correct one.

The trial court found the value of the use of the mower during the period of its detention to be $30.00, of the truck $350.00, of the cultivator $8.00 and of the tractor $200.00, and held that since Fred Tooz had owned an undivided half interest in the tractor and the plaintiff as administratrix was entitled to the possession of the tractor, she was entitled to recover half of the value of its use or $100.00. Accordingly the court ordered judgment for the total of the several items or $488.00.

From the record before us we are of the opinion that the trial court's finding as to the value of the use of the mower and of the truck is sustained by the evidence. The testimony, however, as to the value of the use of the cultivator is predicated on the use to which the defendant put it, that is, to the acreage he cultivated with it. This was not a proper method of determining the value of the use. As we have said above the damage recoverable is that suffered by the plaintiff on account of being deprived of the use of the machine and this cannot be

shown by proof of the use to which it was put by the party wrongfully detaining it. Accordingly there is no competent evidence as to this particular item of damages, and it should not have been allowed. Nor was the $100.00 item for one half of the value of the tractor properly allowed. The tractor was indivisible property. It was owned by Fred Tooz and by the defendant jointly, each owning an undivided half interest therein. And each having an undivided half interest each was entitled to the use of the tractor while he had it in his possession. The rule is that where indivisible property is jointly owned a co-owner may not recover damages in an action of claim and delivery on account of its detention by another co-owner who has possession of the property. See Wells on Replevin, 2d ed § 598.

Pursuant to what we have said above the judgment of the trial court for damages must be modified and the damages awarded to the plaintiff be reduced in the sum of $108.00. As so modified the judgment is affirmed. The case is remanded to the district court for disposition consistent with the foregoing opinion.

BURKE, MORRIS and CHRISTIANSON, JJ., concur.

BURR, J., did not participate.