Dan GUNSCH and John Gunsch, Plaintiffs and Appellants,

v.

Tony GUNSCH, Leona Gunsch, David Gunsch, Fred Bauer, Arthur Bieber, and John O. Lyngstad, Commissioner of University & School Lands for the State of North Dakota and Albert Bauman, Guardian of Tony Gunsch, an incompetent person, Defendants and Respondents.

No. 7438.

Supreme Court of North Dakota.

Nov. 23, 1955.

Rehearing Denied Dec. 19, 1955.

See also 71 N.W.2d 770.

J. K. Murray, Bismarck, for plaintiffs and appellants.

Floyd B. Sperry, Golden Valley, for Tony Gunsch, Leona Gunsch, David Gunsch, Fred Bauer, and Arthur Bieber, defendants and respondents.

John Adams, Asst. Atty. Gen., Bismarck, for Commissioner of University and School Lands, defendant and respondent.

JOHNSON, Judge.

The main issues in this action were determined by this court in Gunsch v. Gunsch, N.D., 67 N.W.2d 311, 328. The case was remanded to the trial court for the purpose of taking additional testimony on two issues: (1) to procure an accounting of one-third of the 1951 crop on the "section" belonging to Tony Gunsch, and (2) to determine the value of the use of the machinery of Tony Gunsch, of which the plaintiffs had possession since the spring of 1951 under assertion of ownership based on an alleged oral contract to purchase. This is a sequel to the above cited opinion.

In the above opinion we said:

"Based upon our finding that the parties never reached an agreement of sale and purchase of the property involved in this case the status of the parties and the property is as follows: * * * (5) Tony Gunsch is the owner of the machinery taken by the plaintiffs and entitled to the immediate possession thereof and the reasonable value of the use of such machinery; * * *."

We also said:

"This case is remanded to the district court with instructions to permit additional testimony to be presented *on the issues mentioned,* by both sides, after which the district court will make further findings and cause the additional record to be settled, certified and returned to this court with the record that is now remanded for further proceedings in conformity with this opinion." (Emphasis supplied.)

The trial court has taken further testimony and has filed here its additional findings and conclusions of law on the two questions involved in the remand. It found that Tony Gunsch was entitled to judgment against the plaintiffs in this action for 500 bushels of grain at $2 a bushel in the sum of $1,000, together with interest thereon at the rate of four per cent per annum from January 1, 1952, making a total of $1,131.78. This finding and conclusion of law thereon was based on testimony that some of the grain from the "State land" had been mingled with the grain from the "section". Grain amounting to 1494 bushels from the "section" and the "State land" had been stored in Tony's name in an elevator at Zap, North Dakota, by the plaintiffs. The testimony indicates that all of Tony's share of the grain for 1951 from the "section" was included in this storage ticket. This grain was decreed to Leona Gunsch in the divorce action as a part of her interest in Tony Gunsch's property. But it developed upon the taking of the additional testimony on this remand that at the prior hearing when this case was first before the trial court that the plaintiffs had failed to disclose that 500 bushels of grain which belonged to Tony had not been accounted for. It appears clear, however, from the testi-

mony that the 500 bushels of grain came from the "State land". There is no testimony in the record that the grain was raised on the "section". Plaintiffs readily admit that no mention was made of the 500 bushels of grain coming from the "State land" at the trial in 1953. It is now their contention that the 500 bushels of grain from the "State land", which they failed to mention at the time of the original trial was sold by them and that they gave the proceeds to Tony Gunsch in cash. They have no documentary evidence to support this testimony. But it is undisputed that if any grain has not been accounted for by Dan and John Gunsch, and which belongs to Tony, it amounts to 500 bushels and came from crops raised on the "State land". There is no satisfactory evidence in this record to show that the plaintiffs are indebted to Tony Gunsch for $1,131.78 for 500 bushels of grain raised on the "section".

■ An accounting of grain other than grain raised on the "section" was not within the terms of the mandate of this court.

■ In a case appealed to the supreme court for trial de novo, it is the duty of the lower court, on the remand of the record to it, to comply with the mandate of the supreme court. Colter v. Dill, 49 N.D. 902, 193 N.W. 662. See also St. Paul Trust & Savings Bank v. Olson, 52 N.D. 315, 202 N.W. 472.

We now come to the value of the use of the machinery in the possession of the plaintiffs belonging to Tony. The trial court determined that the value of the use of the machinery amounted to $795 per year and granted judgment for the value of its use for the years 1951 to 1954 inclusive at that rate. There was objection to the foundation of the evidence upon which this value was based. The reception of the evidence of the value of the use of the machinery in this case was based on substantially the same foundation as was approved in Tooz v. Tooz, 76 N.D. 732, 39 N.W.2d 257, 259.

■ The machinery in question was held by the plaintiffs under a claim of title. The plaintiffs did not have title thereto, and never have had. Tony Gunsch has been deprived of the possession and use of this machinery for four years. He is entitled to recover as damages the value of the use of the machinery during the period that it was held by the plaintiffs. The machinery had useable value. Tooz v. Tooz, supra. It is contended, however, that it is not the value of the use to Tony Gunsch that constitutes the basis for recovery of damages, but rather the use to which the plaintiffs put the machinery. It is clearly the value of the use to Tony which constitutes the basis for his right of recovery of damages and not the use to which the plaintiffs in this action have put the machinery during the time Tony has been deprived of it. Tooz v. Tooz, supra.

The value of the use of the machinery to Tony Gunsch was the proper basis for the determination of the damages. From the testimony of several witnesses who testified, the trial court accepted the lowest estimates made. The evidence of the value of the use of the machinery was competent.

Final judgment on all the issues in this action has not yet been entered in view of our remand.

■ Objection was made at the hearing involving this remand to the appearance of Mr. Sperry, as attorney for Tony Gunsch. Tony Gunsch, since the trial of the action, has been declared incompetent and a guardian has been appointed. The guardian consented in open court at the time of the hearing in this matter to the appearance of Mr. Sperry as Tony Gunsch's counsel.

■ An attack is made upon the validity of the appointment of Tony Gunsch's general guardian. This attack is clearly outside of the issues involved in the hearing on the remand under the mandate of this court. It amounts to a collateral attack upon the order appointing Tony Gunsch's guardian and letters of guardianship is-

sued pursuant thereto by the probate court of Mercer County, North Dakota. Shane v. Peoples, 25 N.D. 188, 141 N.W. 737. The validity of the appointment of the guardian of Tony Gunsch was not before the court in this matter, and the objection to the validity of the appointment was properly overruled by the trial court.

The trial court is directed to modify its additional findings and conclusions in this action to eliminate therefrom the sum of $1,131.78. Except as herein modified the additional findings and conclusions thereon are affirmed. Upon entry of final judgment in this action it will include a recovery for $3,180 for the use of Tony's machinery wrongfully held by the plaintiffs.

BURKE, C. J., and SATHRE, MORRIS, and GRIMSON, JJ., concur.